Maurice ROSSIGNOL

v.

David RAYNES et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 23, 1994.

Decided Nov. 28, 1994.

James A. Mitchell, Butler, Whittier & Laliberty, Waterville, for plaintiff.

Jeffrey Towne, Waterville, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

ROBERTS, Justice.

David and Lucienne Raynes appeal from an order entered in the Superior Court (Kennebec County, *Chandler, J.*) denying their motion to set aside a default judgment previously ordered by the court (*Bradford, J.*). Among other things, the Rayneses contend that a final judgment has not been properly entered. We agree. Ordinarily we dismiss an appeal when the judgment is not final pursuant to M.R.Civ.P. 54(b), or we remand for correction of the docket entry when a final judgment has not properly been entered. In this instance, however, the cumulative effect of errors in the record, some preserved and some not, lead us to address these errors in order to preserve the integrity of the judicial process.

## I.

A complaint against the Rayneses to quiet title to certain real estate was filed in June 1992. The Rayneses filed a counterclaim seeking the same relief. The court issued an expedited pretrial order in July 1992, setting a discovery deadline, later extended to August 1, 1993. This order also instructed plaintiff Rossignol to file a report of conference of counsel within ten days after the discovery deadline.

On August 23, 1993, Rossignol filed his half of the report of conference of counsel, with a letter stating that a copy had been sent to the Rayneses' attorney so that he could submit their half. The report did not contain input from the Rayneses, nor was it signed by them or their attorney. On August 31, 1993, the Rayneses' attorney filed a motion to withdraw. After a hearing on October 13, 1993, the court granted the motion in an order stating that the Rayneses would be "deemed to be acting *pro se* unless counsel appears".

On November 1, 1993, Rossignol sought a default against the Rayneses. The Rayneses received a copy of this demand but did not respond to it in any manner. On November 30, 1993, without a hearing, the court ordered a default judgment for failure to comply with the expedited pretrial order and awarded attorney fees of $400 to Rossignol. The corresponding docket entry reads:

DEFAULT JUDGMENT s/Bradford, J.

IT IS FURTHER ORDERED that [the Rayneses'] counterclaim is hereby dismissed. [Rossignol] is also granted judgment against [the Rayneses] for the sum of $400 for attorney fees incurred by [Rossignol] in the prosecution of his motion for sanctions.

This judgment shall be recorded in the Kennebec County Registry of Deeds.

Copies mailed to Attys.

In January 1994 the Rayneses filed (1) their report of conference of counsel, (2) a motion for extension of time within which to file a notice of appeal, (3) a motion for stay of enforcement of default judgment, and (4) a motion to set aside default judgment. In their motion to set aside the default judgment, they argued that their failure to comply was the result of excusable neglect. After a hearing the court denied all four motions. The Rayneses' appeal followed.

## II.

■ Docket entries and judgments that fail to specify the forms of affirmative relief awarded by the court are insufficient to constitute an effective judgment. *See, e.g., Town of Freeport v. Ocean Farms of Me., Inc.,* 600 A.2d 402, 403 (Me.1991) (judgment failed to specify forms of affirmative relief); *York Mut. Ins. Co. of Me. v. Mooers,* 415 A.2d 564, 566 (Me.1980) (docket entry of "judgment for defendants" did not adequately specify the parties' liabilities). The docket entry in this instance does not specify the form of affirmative relief and thus does not constitute an effective entry of judgment.

■ In some instances we have retained jurisdiction and remanded the case for an appropriate entry of judgment, with an order

that we would decide the merits of the appeal on the briefs already filed when and if an appropriate judgment is entered. *See, e.g., id.* at 566–67. In addition, in the interest of judicial economy we may exercise our appellate jurisdiction to address obvious errors, whether of law or fact. *Fleet Mortgage Corp. v. Cobb,* 611 A.2d 565, 566 (Me.1992). We deem it appropriate to do so in the instant case.

## III.

 First, when the court entertains an attorney's motion for leave to withdraw pursuant to M.R.Civ.P. 89(a), the court should either (1) condition withdrawal on the entry of an appearance by new counsel or by the party *pro se* or (2) direct that the party within a specified time appear by counsel or *pro se.* An order so conditioned leaves no hiatus in the parties' appearance and provides clear direction for the service of notice.

Second, a party should not be permitted to take advantage of an hiatus to seek a default judgment on an inappropriate basis. Rossignol's motion for default judgment stated that the Rayneses had violated the expedited pretrial order by failing to file a report of conference of counsel. In fact, the order imposed the burden of filing the report only on Rossignol. The letter sent to the Rayneses' attorney does not effect an amendment of the pretrial order. As a result, the motion for a default judgment was unfounded.

Third, because the Rayneses failed to comply with M.R.Civ.P. 7(c), the court granted a default judgment on a spurious ground. Moreover, it appears that the court failed to consider whether a hearing might be necessary pursuant to M.R.Civ.P. 55(b)(2).

Fourth, because judgment by default had not been properly entered on the docket, the standard for granting relief was not "excusable neglect" pursuant to M.R.Civ.P. 60(b). We recognize that the parties share the blame for the state of the record before us. We adhere to the proposition that Rule 55(c) and Rule 60(b) provide the only basis for the review of a default

judgment. *Fleet Mortgage Corp.,* 611 A.2d at 566. We also adhere to the requirement that a party must assert in the trial court all grounds for Rule 60(b) relief. *Laurel Bank & Trust Co. v. Burns,* 398 A.2d 41, 44 (Me. 1979). We conclude, nevertheless, that the prudential and procedural concerns addressed in *Fleet Mortgage Corp.* are overcome by the need to correct the cumulative errors apparent on this record and to preserve the integrity of our processes. Accordingly, we vacate the dismissal of the Rayneses' counterclaim, the order for sanctions, and the entry of default. Further proceedings may address the merits of the complaint and the counterclaim.

The entry is:

Judgment vacated and default stricken.

Remanded for further proceedings consistent with the opinion herein.

All concurring.