2009 ME 84

## DOWNEAST MORTGAGE CORPORATION

### v.

### Carol Ann CUTLER.

Supreme Judicial Court of Maine.

Submitted On Briefs: July 29, 2009.

Decided: Aug. 6, 2009.

F. David Walker IV, Esq., Rudman & Winchell, Bangor, ME, for Carol Ann Cutler.

Timothy H. Norton, Esq., Lauri Boxer-Macomber, Esq., Kelly, Remmel & Zim-

merman, Portland, ME, for Downeast Mortgage Corporation.

Panel: SAUFLEY, C.J., ALEXANDER, LEVY, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Carol Ann Cutler appeals from a default judgment of foreclosure and sale entered in the Superior Court (Hancock County, *Cuddy, J.*) in favor of Downeast Mortgage Corporation. The court found that Cutler was in breach of conditions in Downeast's mortgage and ordered that if Cutler does not pay Downeast the total claim due with interest and other charges within ninety days, Downeast shall be in exclusive possession of the real estate. We agree with Downeast that Cutler's motion to set aside the entry of default was properly denied. However, because the record and the court's judgment contain discrepancies regarding the amount due on the default judgment, we vacate the judgment and remand for a hearing to allow the court to correct any cumulative errors and determine the sums due Downeast.

## I. BACKGROUND

[¶ 2] On April 26, 2007, Cutler gave a promissory note to Downeast Mortgage in exchange for financing provided by Downeast. Pursuant to the terms of the note, Cutler was to make interest payments on the first day of each month, beginning on June 1, 2007. Additionally, Cutler agreed to pay the principal balance of $387,000 and all accrued interest on July 26, 2007, and she agreed to a late penalty fee of $3870. Cutler secured the loan by executing and delivering to Downeast a mortgage in its favor on property located in Brooklin.

[¶ 3] Downeast sent Cutler a written notice of default on October 29, 2007, informing her that she owed Downeast $362,578.35 in principal; $13,16.45 in interest; $3870 in late penalties and other charges; and $235 in attorney fees and expenses. These amounts totaled $379,799.80, and Downeast informed Cutler that it also would charge her interest at the rate of $109.27 per day from October 30, 2007, through the date of payment. Downeast warned Cutler that if she did not correct the default, it would commence an action to seek the foreclosure and sale of the property.

[¶ 4] Downeast filed a complaint for foreclosure by civil action against Cutler and Prin A. Allen & Sons, Inc.[1] on September 2, 2008. The complaint states that as of March 28, 2008, Cutler owed Downeast $400,760.81, which included $362,578.35 in unpaid principal, $29,948.46 in accrued interest, and $8234 in fees, expenses and late charges.

[¶ 5] Cutler was served with the civil summons on September 3, 2008, and did not file a response or answer within twenty days as required by M.R. Civ. P. 12(a). Consequently, on October 20, 2008, Downeast filed an affidavit and request for entry of default and default judgment by the clerk, asserting that Cutler had failed to appear, plead, or otherwise defend the action. Downeast indicated on the default judgment request form that its claim was for a sum certain, although it did not fill in the sum on the blank line provided on the form request.

[¶ 6] Also on October 20, Downeast filed a motion for summary judgment with a supporting statement of material facts and affidavits. Darrell Briggs, an executive vice president of Downeast, asserted

---

**1.** Prin A. Allen & Sons, Inc. has a mechanic's lien on the property and is not a party to this appeal.

in an affidavit that Cutler owed $362,578.35 in principal; $28,140.11 in interest as of March 28, 2008;[2] and fees and costs related to the collection of the sum due under the note. Downeast's attorney, Suzanne Lafreniere, stated in a separate affidavit that the attorney fees and disbursements amounted to $1077.13. These amounts total $391,795.59.[3]

[¶ 7] On November 10, 2008, Cutler filed an opposition to Downeast's motion for summary judgment. Cutler argued that the motion must be denied because (1) any failure on Cutler's part to make payments under the note and mortgage was caused by Downeast's failure to meet its own obligations under the parties' agreement, and (2) Downeast failed to comply with statutory notice requirements.

[¶ 8] Three days later, on November 13, 2008, Cutler filed an answer and counterclaim to Downeast's complaint for foreclosure by civil action. Because it was late, she also filed a motion for leave to file a late answer, blaming her delay in filing a timely answer on financial constraints and inexperience with the judicial system. On the same day that Cutler finally answered Downeast's complaint, the clerk entered Cutler's default pursuant to M.R. Civ. P. 55(a).[4]

[¶ 9] On November 21, Cutler filed a motion to set aside the entry of default and a request for a hearing, arguing that she "had plead[ed] or otherwise defend[ed] this action" on November 10, 2008, when she filed her opposition to Downeast's motion for summary judgment. Cutler argued that: (1) because the motion for summary judgment raised the same material assertions as the complaint, her opposition—filed three days before the clerk entered default—was a sufficient response; (2) Downeast waived any entitlement to a default judgment by filing a motion for summary judgment; and (3) she had a meritorious defense and good excuse for filing her answer late.

[¶ 10] The court issued its ruling on December 5, 2008. Pursuant to M.R. Civ. P. 55(b)(2),[5] it entered default judgment by signing, dating, and filling in the sum due as "$400,760.81 plus interest from 3/29/08" in the "DEFAULT JUDGMENT BY THE COURT" section of the default judgment request form submitted by Downeast. However, the court also submitted a written order, drafted by Downeast, specifically finding that Cutler had breached the conditions of the mortgage and that Cutler owed Downeast $362,578.35 in principal; $29,948.46 in interest for the period up to May 28, 2008; and $1077.13 in attorney fees and disbursements, for a total of $393,603.94, and additional interest, fees and costs incurred through and including the sale of the property. The court provided no explanation for why the amount written on the form did not match the amounts provided in its order. The court

2. The affidavit contained no explanation for why the amount of interest identified by Briggs, $28,140.11, differed from the amount provided by Downeast in its complaint, $29,948.46.

3. Here again, the affidavits contained no explanation for why the total amount as indicated in the affidavits, $391,795.59, differed from the amount provided by Downeast in its complaint, $400,760.81.

4. M.R. Civ. P. 55(a) states: "When a party against whom a judgment for affirmative re-

lief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

5. M.R. Civ. P. 55(b) governs judgments by default. The clerk is authorized to enter a default judgment when "the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." M.R. Civ. P. 55(b)(1). When a claim is not for a sum certain, the court must enter the default judgment. M.R. Civ. P. 55(b)(2).

gave Cutler ninety days to pay Downeast before Downeast would be entitled to exclusive possession of the real estate. Also on December 5, the court denied Cutler's motion to set aside the entry of default, declared Downeast's motion for summary judgment moot, and denied Cutler's motion for leave to file a late answer.

[¶ 11] In response to Cutler's motion for findings of fact and conclusions of law pertaining to the court's denial of her motion to set aside the entry of default, the court made the following conclusions of law:

1. Rule 7(a) M.R. Civ. P. provides that pleadings allowed shall be a complaint and answer.

2. Rule 12(a) provides that Defendant shall serve an answer within 20 days after service of the summons.

3. Given the chronological history of this matter, the Court is not persuaded that the justification offered by the Defendant constitutes "good cause" to set aside the default in this matter.

[¶ 12] Cutler did not file a motion to set aside the default judgment. However, she indicated in her statement of issues for appeal that she planned to argue that the court erred in denying her motion to set aside the default judgment.[6]

## II. DISCUSSION

[¶ 13] Although a court can set aside an entry of default for good cause shown, default judgments are to be set aside in accordance with M.R. Civ. P. 60(b). M.R. Civ. P. 55(c). Therefore, the general rule is that a party against whom the judgment was entered must assert grounds for relief pursuant to Rule 60(b)[7] in the trial court as a prerequisite to appealing the default judgment. *See Rossignol v. Raynes,* 650 A.2d 935, 937 (Me. 1994). However, we will consider an appeal of a default judgment despite the failure to file a Rule 60(b) motion if we recognize a need to "correct the cumulative errors apparent on [the] record and to preserve the integrity of our processes." *Id.*

### A. Motion to Set Aside Entry of Default

[¶ 14] We review a judgment on a motion for relief from an entry of default for an abuse of discretion. *Ezell v. Lawless,* 2008 ME 139, ¶ 15, 955 A.2d 202, 206. In addition to the Rule 55(c) requirement that a movant show good cause for setting aside an entry of default, we also require that the movant demonstrate a meritorious defense. *Maroon Flooring, Inc. v. Austin,* 2007 ME 75, ¶¶ 7–8, 927 A.2d 1182, 1184.

[¶ 15] Here, Cutler demonstrated neither good cause nor a meritorious defense that would justify setting aside the entry of default in Downeast's foreclosure action against her. Pursuant to M.R. Civ. P. 7(a) and 12(a), she had twenty days after being served with the complaint on September 3, 2008, to file an answer or otherwise defend against the action. Downeast waited until October 20 to file its request for default

---

6. Although Cutler stated her issues incorrectly, it is clear from her briefs that she is appealing both the denial of the motion to set aside the entry of default and the default judgment itself. Thus, we address both issues. *See* M.R.App. P. 5(b)(2)(A) ("The statement of issues is for initial guidance of the parties in developing the record and transcript orders but does not preclude raising other properly preserved issues on appeal."); *see also Verizon New England, Inc. v. Pub.*

*Utils. Comm'n,* 2005 ME 16, ¶ 15, 866 A.2d 844, 849–50 (noting that an issue is deemed to be raised or preserved for purposes of an appeal if there is sufficient basis in the record to alert the court and any opposing party to the existence of that issue).

7. M.R. Civ. P. 60(b) allows relief from judgments or orders due to, among other things, mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud.

and default judgment. In both her motion for leave to file a late answer and her motion to set aside entry of default, Cutler blamed her late response on financial constraints and inexperience with the judicial system. Neither excuse, without additional information, is good cause for allowing such a late filing. *See id.* (concluding that an attorney's mistake in placing documents in the wrong bin was not good cause for missing the deadline for filing an answer given that the movant had met with his attorney once and took no other action).

[¶ 16] Additionally, Cutler's opposition to Downeast's motion for summary judgment, which was filed before the entry of default and alleges that Downeast is at fault for her nonpayment, cannot serve as a sufficient response to the complaint. An opposition to a summary judgment motion is neither an answer nor a defense permitted by M.R. Civ. P. 12(b), and, thus, Cutler's filing of an opposition did not prohibit the clerk from entering default.[8] Therefore, the court did not abuse its discretion in denying Cutler's motion to set aside the entry of default.

B. Default Judgment

[¶ 17] Because Cutler did not assert in the trial court any grounds for Rule 60(b) relief from the default judgment, and, in fact, never filed a motion to set aside the default judgment, we do not consider Cutler's specific arguments for why the default judgment should be vacated.[9] Our review of the judgment and record is limited to checking for cumulative errors that need to be corrected in order to preserve the integrity of the judicial process. *See Rossignol,* 650 A.2d at 937.

[¶ 18] Because there are discrepancies in the record and the court's judgment as to the amount of damages, we must vacate the judgment. The court recorded the default judgment in two manners: by filling in an amount and signing the default judgment request form, and by issuing a separate written judgment. The amount awarded to Downeast on the form, which matches the amount in Downeast's complaint, does not match the amounts in the written judgment. Additionally, neither the amount listed on the form nor the amounts combined in the written judgment reflect the amounts provided by Downeast's attorney and executive vice president in their affidavits filed in support of Downeast's motion for summary judgment.

[¶ 19] Due to the discrepancies in the record and in the default judgment, we vacate the judgment and remand for a hearing to determine the sums due pursuant to the mortgage contract.

The entry is:

Denial of motion to set aside entry of default affirmed. Default judgment vacated and remanded for further proceedings consistent with this opinion.

---

8. Cutler also argues that when Downeast filed a motion for summary judgment, it waived any right to a default judgment. This argument is without merit.

9. Cutler argues that the court erred in issuing the default judgment because (1) Downeast requested a default judgment by the clerk; (2) Downeast's claim was not for a sum certain; and (3) she was entitled to notice and a hearing on damages before the court issued the default judgment. We do not address any of these arguments.