STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: RE-09-167
                                                  R.i

MAINE STATE HOUSING
AUTHORITY

                    Plaintiff,
                                                  **ORDER**
        v.

SCOTT P. MORRELL et al.,                          STATE OF MAINE
                                                  Cumberland, ss, Clerk's Office

                    Defendants                    MAY 05 2010

                                                  **RECEIVED**

Plaintiff Maine State Housing Authority obtained a foreclosure judgment in this action on February 25, 2010. Now defendant Michelle Morrell seeks relief from the judgment under Rule 60(b) and requests mediation pursuant to Rule 93(q).

Maine State Housing Authority (MSHO) filed its foreclosure complaint on September 8, 2009, and filed for summary judgment on December 31, 2009. Ms. Morrell was not represented by counsel at that time and on January 20, 2010, filed a motion to enlarge deadlines by sixty days. On January 22, 2010, the court granted Ms. Morrell an additional thirty days rather than sixty requested. Ms. Morrell did not file an opposition to the motion for summary judgment, and MSHO obtained a foreclosure judgment on February 25, 2010, thirty-five days after an opposition was originally due. Ms. Morrell was able to obtain counsel on March 3, 2010, and filed these motions for relief and mediation on March 8, 2010.

"To obtain relief from a default judgment under Rule 60(b)(1) for excusable neglect, a party must show (1) a reasonable excuse for her inattention to the court proceedings, and (2) a meritorious defense to the underlying action."

1

*Ezell v. Lawless*, 2008 ME 139, ¶ 22, 955 A.2d 202, 207 (citing *Butler v. D/Wave Seafood*, 2002 ME 41, ¶ 17, 791 A.2d 928, 932). Parties appearing pro se are not afforded any "special consideration" or lenity under the rules. *Id.* (citing *Truman v. Browne*, 2001 ME 182, ¶ 11, 788 A.2d 168, 171). Ms. Morrell claims that she was not notified that her motion to enlarge was granted, or that the deadline was extended by thirty days instead of sixty. For this and other unspecified reasons she requests relief under Rule 60(b) and asks leave to file her opposition to MSHO's motion for summary judgment.

The Law Court has clearly held that "inexperience with the judicial system" is not a "good cause" meriting relief under Rule 60(b)(1). *Cutler v. Downeast Mortgage Corp.*, 2009 ME 84, ¶ 15, 976 A.2d 929, 934. If Ms. Morrell did not receive notice that her motion to enlarge the deadline had been granted, her assumption should have been that an opposition was due on the original deadline of January 21, 2010. Instead she assumed without checking that the court had granted her the full sixty days requested. Ms. Morrell's mistaken assumption falls short of the good cause required for relief from a judgment. Finding no good cause, the court does not need to inquire into whether Ms. Morrell has shown a meritorious defense. *See Truman*, 2001 ME 182, ¶ 10, 788 A.2d at 170–71 (presence of meritorious defense did not warrant relief absent good cause).

Ms. Morrell also requests that the court refer this case to mediation under the Foreclosure Diversion Program established by 14 M.R.S.A. § 6321-A and M.R. Civ. P. 93. Under Rule 93(q), the court may order cases filed but not decided before January 1, 2010, into mediation if:

(A) after consulting with the Foreclosure Diversion Program

2

Manager, the court determines that mediation resources are available to perform the mediation; and

(B) the court finds that mediation will not unduly delay the proceedings or result in prejudice to the plaintiff.

M.R. Civ. P. 93(q) (2010).

The proceedings in this case have ended and the judgment of foreclosure has issued. Furthermore, a successful mediation would almost certainly prejudice the plaintiff's rights under that judgment. While the statute and rules do not expressly prohibit the court from referring a case to mediation after the entry of a final judgment, the court declines to do so here.

**The entry is:**

Defendant Michelle Morrell's motion to refer the case to mediation pursuant to Rule 93(q) and her motion for relief from the judgment of foreclosure pursuant to Rule 60(b) are both denied.

DATE: _May 5, 2010_

_____
Roland A. Cole
Justice, Superior Court

3

-----------------------------------------------------------------------------------

01 0000002774          BERNER, SETH
       169 CLINTON ST PORTLAND ME 04103
     F     MICHELLE L MORRELL                          DEF        RTND    03/08/2010

02 0000001248          COX, THOMAS
       PO BOX 1314 PORTLAND ME 04104
     F     MICHELLE L MORRELL                          DEF        RTND    04/27/2010

03 0000002051          HAENN, MICHAEL S
       88 HAMMOND STREET 3RD FLOOR PO BOX 915 BANGOR ME 04402-0915
     F     MAINE STATE HOUSING AUTHORITY               PL         RTND    09/08/2009