2010 ME 38

**Susanne RICHTER**

v.

**Walter ERCOLINI et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 28, 2010.

Decided: May 11, 2010.

C. Alan Beagle, Esq., Beagle & Ridge, LLC, Portland, ME, Attorney for Walter & Jayne Ercolini.

Gene R. Libby, Esq., Victoria A. Sarfo–Kantanka, Esq., Libby O'Brien Kingsley & Champion LLC, Kennebunk, ME, Attorneys for Suzanne Richter.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶ 1]  Walter and Jayne Ercolini appeal from an entry of a default judgment in the Superior Court (Cumberland County, *Cole, J.*).  The Ercolinis contend that the court abused its discretion by (1) denying their motion to set aside the clerk's entry of default, and (2) failing to conduct an evidentiary hearing before entering a default judgment.  We affirm the judgment.

## I.  BACKGROUND

[¶ 2]  In August 2008, Susanne Richter filed a complaint against the Ercolinis concerning a boundary dispute between adjacent land parcels owned by the parties in Gray. Based on her claim that the Ercolinis had encroached on her property, Richter sought (1) a declaratory judgment, (2) damages for injury to land, and (3) damages for trespass.  The complaint and separate summonses were served on the Ercolinis on August 29, 2008.  Their answer, filed on September 24, was not timely.  Richter filed an affidavit and request for default and default judgment, and the clerk of court entered the Ercolinis' default on September 25, 2008.

[¶ 3]  On September 30, the Ercolinis moved to set aside the entry of default pursuant to M.R. Civ. P. 55(c).  The Ercolinis' motion stated, in relevant part:

> Defendants, Walter and Jayne Ercolini, request that the Default Judgment entered by the Clerk in the above matter be vacated, as we had already sent our Answer to Plaintiff's Complaint to the Court before Plaintiff's request for Default was received by the Court.  We live out-of-state and mailed our Answer to the Court <u>and</u> Plaintiff's attorney in what we believed to be a timely manner. We would like to have this matter decided on the merits as explained in our answer.

[¶ 4]  The court conducted a hearing on the Ercolinis' motion to set aside the entry of default.  Jayne Ercolini, who appeared alone at the hearing and was without counsel, represented to the court that her answer was filed late because she became ill during the twenty-day answer period and her husband, who is dyslexic, was unable to assist in preparing an answer.  She also stated that a land survey, which was conducted in the past, depicted the proper boundary between the properties.  The court denied the Ercolinis' motion, concluding that the grounds for relief stated in their motion neither provided a good excuse for their default nor raised a meritorious defense.

[¶ 5]  In May 2009, the court conducted a hearing on Richter's application for a default judgment.  At the outset, the parties stipulated that the damages for the injury to Richter's land were $3265.65. The Ercolinis contended that the court should receive evidence at the hearing to determine the location of the disputed boundary line for purposes of calculating damages.  The court declined to conduct an evidentiary hearing and directed Richter to prepare a default judgment consistent with findings it announced from the bench.

[¶ 6]  The court entered the default judgment submitted by Richter which (1) fixed the common boundary line between the parties' properties, (2) ordered the Ercolinis to pay Richter $3265.65 in damages, and (3) awarded Richter nominal damages in the amount of $1 for trespass.  This appeal followed.

## II.  DISCUSSION

[¶ 7]  The issues presented are whether the trial court abused its discretion by refusing to set aside the clerk's entry of default and by failing to conduct an evidentiary hearing before entering a default

judgment.[1] As a threshold matter, however, we first address Richter's argument that the Ercolinis' appeal should be dismissed because the Ercolinis failed to file a motion pursuant to M.R. Civ. P. 60(b) as a predicate to seeking appellate review of the default judgment.

## A. When a Rule 60(b) Motion is Required to Obtain Appellate Review Following a Default Judgment

[¶ 8] Rule 55(c) of the Maine Rules of Civil Procedure provides, "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." To obtain appellate review challenging a court's denial of a motion to set aside an entry of a default, a party must take an appeal directly from the resulting default judgment. *See Ireland v. Carpenter*, 2005 ME 98, ¶ 4, 879 A.2d 35, 37 (reviewing the entry of default after the trial court denied the defendants' motion to set aside default and entered a default judgment); *see also Truman v. Browne*, 2001 ME 182, ¶¶ 6, 8, 788 A.2d 168, 170 (same). Here, because the Ercolinis have taken a direct appeal from the resulting default judgment, they have preserved their right to obtain appellate review of the court's denial of their motion to set aside the entry of default.

[¶ 9] The more difficult question is whether the Ercolinis preserved for appellate review their challenge to the default judgment. Relying on our decision in *Downeast Mortgage Corp. v. Cutler*, 2009 ME 84, 976 A.2d 929, Richter asserts that the challenge is unpreserved because the Ercolinis failed to file a Rule 60(b) motion challenging the default judgment. In *Cutler*, the defendant did not answer the plaintiff's complaint for foreclosure, which led to the entry of default pursuant to M.R. Civ. P. 55(a). 2009 ME 84, ¶¶ 4–5, 8, 976 A.2d at 931, 932. The trial court denied the defendant's motions to set aside the entry of default and to file a late answer and entered a default judgment in favor of the plaintiff. *Id.* ¶ 10, 976 A.2d at 932–33. The defendant then filed a notice of appeal without first filing a motion seeking relief from the default judgment pursuant to Rule 60(b). *Id.* ¶ 12, 976 A.2d at 933. We vacated the trial court's default judgment because multiple "cumulative errors" had to be corrected "to preserve the integrity of the judicial process." *Id.* ¶¶ 17–18, 976 A.2d at 934. Our decision, however, used language that can be read to suggest that the filing of a Rule 60(b) motion is a necessary prerequisite to obtaining appellate review of a default judgment when a direct appeal from the default judgment is taken: "Because [the defendant] did not assert in the trial court any grounds for Rule 60(b) relief from the default judgment, *and, in fact, never filed a motion to set aside the default judgment*, we do not consider [the defendant's] specific arguments for why the default judgment should be vacated." *Id.* ¶ 17, 976 A.2d at 934 (emphasis added).

[¶ 10] Our previous decisions addressing parties' challenges to the entry of a default judgment have implicitly distinguished between those cases in which the

---

1. In addition to these arguments, the Ercolinis also contend that the trial court erred by (1) failing to address their counterclaims; (2) entering a default judgment that failed to comply with the recording requirements of 14 M.R.S. 2401(3) (2008) (subsequently amended by P.L. 2009, ch. 402, 9 (effective June 15, 2009) (codified at 14 M.R.S. 2401(3) (2009))); (3) providing relief requested at the damages hearing that differed from the relief requested in the original complaint; and (4) referring to an attached exhibit to the default judgment that was not in fact attached. We find these arguments unpersuasive and do not address them further.

408

defaulted party appears and participates in the judicial proceeding prior to the entry of the default judgment and those cases in which the defaulted party did not appear prior to the entry of the default judgment. We have addressed the merits of an appellate challenge to a default judgment in the absence of a Rule 60(b) motion when the appellant has preserved the grounds for the appeal by having appeared and presented the grounds to the court before the entry of the default judgment. *See Ireland*, 2005 ME 98, ¶ 4, 879 A.2d at 37 (reviewing defendants' appeal after the trial court denied defendants' motion for reconsideration to set aside a default judgment); *see also Estate of Gordan*, 2004 ME 23, ¶ 7, 842 A.2d 1270, 1273 (reviewing defendant's appeal after the trial court denied defendant's motion for relief from entry of default and default judgment); *Truman*, 2001 ME 182, ¶¶ 6, 8, 788 A.2d at 170 (reviewing a defendant's appeal after the trial court denied the defendant's motions to set aside the entry of default, conduct a new damages hearing, and amend the judgment); *McNutt v. Johansen*, 477 A.2d 738, 740 (Me.1984) (reviewing a defendant's appeal after defendant's motion to strike the default was denied and a default judgment was entered); *Porges v. Reid*, 423 A.2d 542, 544 (Me. 1980) (reviewing an appeal from the court's denial of defendants' motions to set aside entry of default and exclude certain evidence from the damages hearing).

[¶ 11] In cases in which a defaulted defendant failed to appear before the entry of a default judgment, our decisions require that the defaulted defendant file a Rule 60(b) motion in the trial court before seeking appellate review. *See Ezell v. Lawless*, 2008 ME 139, ¶¶ 8, 12, 955 A.2d 202, 205, 206 (reviewing a defendant's appeal when, months after the entry of default and a final default judgment, the defendant moved in the trial court to set aside the default and obtain relief from judgment pursuant to Rule 60(b)); *see also Erskine v. Comm'r of Corrs.*, 682 A.2d 681, 683–84 (Me.1996) (noting that defendants, who did not initially appear and challenge the trial court's entry of default and default judgment, properly moved for relief from a default judgment by filing a Rule 60(b) motion several months after the default judgment); *Fleet Mortgage Corp. v. Cobb*, 611 A.2d 565, 566 (Me.1992) (declining to review a party's direct appeal challenging a default judgment when the party neither moved for relief from either the default or default judgment).

[¶ 12] Accordingly, a defaulted party who has appeared and opposed a Rule 55(b) motion seeking a default judgment need not file a Rule 60(b) motion to preserve for appellate review the grounds the party presented in opposition to the Rule 55(b) motion. Once a default judgment has been entered, however, a party who has not previously appeared cannot obtain direct appellate review of the court's exercise of discretion in entering a default judgment and must instead pursue Rule 60(b) relief before the trial court. These different approaches ensure that the trial court is provided the opportunity to consider the defaulted party's arguments before appellate review is sought:

A party who seeks to raise an issue for the first time at the appellate level is held to have waived that issue insofar as he utilizes it to attack the judgment or order from which he appeals. A major policy underlying this principle is to ensure that the trial court has full opportunity to dispose finally of the action.

*Laurel Bank & Trust Co. v. Burns*, 398 A.2d 41, 44 (Me.1979).

[¶ 13] We thus clarify that Cutler should not be interpreted to mean that a defaulted party who appeared and present-

ed grounds addressed in Rule 60(b) prior to the court's entry of a default judgment must also file a formal motion either before or after the entry of the default judgment in order to preserve those grounds for appellate review. Contrary to Richter's assertion, the issues raised by the Ercolinis were preserved and are properly reviewed in this appeal because the trial court considered the Ercolinis' arguments challenging the grounds for the entry of the default judgment before it was entered.

### B. Motion to Set Aside Entry of Default

[¶ 14] The Ercolinis contend that the court erred by denying their motion to set aside the clerk's entry of default because they proved good cause by establishing a good excuse and a meritorious defense. They further contend that the trial court erred in disregarding statements made by Jayne at the hearing concerning her illness and her husband's dyslexia because these statements established good cause.

[¶ 15] We review a judgment on a motion for relief from an entry of default for an abuse of discretion. *Cutler*, 2009 ME 84, ¶ 14, 976 A.2d at 933. A movant must show good cause for setting aside an entry of default pursuant to M.R. Civ. P. 55(c). "Good cause requires a good excuse for untimeliness and a meritorious defense." *Estate of Gordan*, 2004 ME 23, ¶ 19, 842 A.2d at 1275. We grant considerable deference to a trial court's determination of whether a party had a good excuse for his or her untimely filing. See, e.g., *Cutler*, 2009 ME 84, ¶ 15, 976 A.2d at 933–34 (upholding the court's determination that neither a party's financial constraints nor inexperience with the judicial system constituted a good excuse for filing a late answer). This approach recognizes the trial court's familiarity with the case and its "superior position to evaluate the credibility and good faith of the parties who appeared before [it]." *Hamby v. Thomas Realty Assocs.*, 617 A.2d 562, 563 (Me. 1992).

[¶ 16] Here, the court did not abuse its discretion by concluding that the Ercolinis failed to establish a good excuse based on their assertion that they believed their answer was timely, when in fact it was not. In addition, the court was not bound to accept the additional reasons for the late answer raised by Jayne at the hearing, nor did the court err by not addressing those additional reasons in its written order denying the motion to set aside the default. A court is not bound to address every argument put forth by a party when acting on a motion.

[¶ 17] Because the Ercolinis did not provide a good excuse for the untimely filing of their answer, we do not address whether they had a meritorious defense.

### C. Default Judgment

[¶ 18] The Ercolinis also contend that the trial court abused its discretion in failing to conduct an evidentiary hearing before entering the default judgment. Rule 55(b)(2) gives the court discretion to conduct an evidentiary hearing prior to the entry of a default judgment:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall in the Superior Court accord a right of trial by jury to the plaintiff if the plaintiff so requests.

We review an alleged error in the court's entry of a default judgment for an abuse of discretion. *See Estate of Gordan*, 2004 ME 23, ¶ 19, 842 A.2d at 1275–76.

[¶ 19] In this case, the parties' stipulation as to the amount of the damages, together with the complaint and attached exhibits, provided a sufficient basis for the court to award damages and declare the boundary between the properties owned by Richter and the Ercolinis. *See Ireland*, 2005 ME 98, ¶ 18, 879 A.2d at 40 (stating that all the allegations in the complaint are deemed to be true after the entry of a party's default). Under these circumstances, an evidentiary hearing was unnecessary for the court to fully and fairly consider the issues it was required to decide.

The entry is:

Judgment affirmed.