STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  Docket No. AP-11-025
                                                  NM - CuM - 11/16/2011

CHERYL GREENLEAF,

        Plaintiff
                                                  DECISION AND ORDER
        v.

PAUL DYER,

        Defendant


The defendant appeals the default judgment against him entered in the District Court. For the following reasons, the judgment is AFFIRMED.

Procedure

In August 2010, the plaintiff filed a statement of claim against Tax Partners, LLC, in the District Court. (Ex. F.) She also filed statements of claim against Paul Dyer and Thomas Hicks individually in March 2011. (Exs. B, D.) In these statements of claim, she requested $2797.50 from Mr. Dyer, $2797.50 from Mr. Hicks, and/or $5595.00 from Tax Partners based on a "money-back guarantee" and the "failure to pay refund of engagement fee/subscription fee." (Exs. B, D, F.)

The record reflects that Mr. Dyer was notified of the statement of claim against him by certified mail, and the clerk of the court sent him notice of the May 26, 2011, hearing. (Ex. A.) Despite this notice, Mr. Dyer failed to appear at the hearing. The presiding judge entered a default judgment against Mr. Dyer for $2,797.50 plus costs. (Judg. dated 5/26/11; M.R.S.C.P. 8(b).)

1

Upon receiving notice of this judgment, Mr. Dyer filed a Rule 60(b) request to vacate judgment on June 13, 2011. See Richter v. Ercolini, 2010 ME 38, ¶ 11, 994 A.2d 404 ("In cases in which a defaulted defendant failed to appear before the entry of a default judgment, [appellate] decisions require that the defaulted defendant file a Rule 60(b) motion in the trial court before seeking appellate review."). The motion was denied on June 21, 2011. The presiding judge noted that "notice of hearing was properly given and received." (Mot. Vacate 2.) Mr. Dyer filed an appeal in the Superior Court on June 27, 2011. See M.R.S.C.P. 11(a) ("An aggrieved party may appeal from a judgment of the District Court in a small claims action to the Superior Court in the county in which the division of the District Court entering judgment is located. The time within which an appeal may be taken shall be 30 days . . . .").

Discussion

The Small Claims Act was created "for the purpose of providing a simple, speedy and informal court procedure for the resolution of small claims." 14 M.R.S. § 7481 (2010). "Only if a defendant appears and defends in Small Claims Court can the merits of a plaintiff's claim be tested and a judgment for the defendant be possible." H & H Oil Co. v. Dineen, 557 A.2d 604, 605 (Me. 1989).

In his appeal of the default judgment, Mr. Dyer did not request a jury trial de novo. As a result, the Superior Court may only consider questions of law. M.R.S.C.P. 11(c)(2). Mr. Dyer argues that he did not receive proper notice of the court date. (Mot. Vacate 1.) What actions are "legally sufficient to constitute effective service" is a legal question. Maguire Constr. Inc. v. Forester, 2006 ME 112, ¶ 8, 905 A.2d 813. Based on the record, the plaintiff properly sent a copy of the statement of claim and the clerk's office sent a notice of small claims hearing

2

to the defendant.[1]  Notice of hearing was properly given.  <u>See</u> M.R.S.C.P. 4(a)(2),

(f) (outlining requirements for service and notice in small claims proceedings).

The entry is

The Judgment of the District Court is AFFIRMED.

Dated: November 15, 2011

Nancy Mills
Justice, Superior Court

---

[1] A plaintiff may serve the defendant "by mailing a copy of the statement of claim, first class, postage prepaid, registered or certified, restricted delivery, return receipt requested, to the person to be served."  M.R.S.C.P. 4(a)(2).  "Notice of hearing date and time shall be mailed to the plaintiff and defendant by the clerk at the addresses provided on the statement of claim unless the clerk is notified by the party of a different address."  M.R.S.C.P. 4(f).

Date Filed ___7-8-11___     CUMBERLAND     Docket No. ___AP-11-25___

County

Action ___DISTRICT COURT APPEAL___

CHERYL GREENLEAF CPA             PAUL DYER

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PRO SE | PRO SE |
| 31 STANFORD LANE | 16 PHILLIPS RD |
| SCARBOROUGH ME 04074 | GLENBURN ME 04401 |

Date of
Entry