STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: CV-11-179
                                                  JHO - 6/7/2012

JENNY L. GAUDET and
JESSICA L. HAMILTON

        Plaintiffs,

    v.

WILLIAM J. GAUDET

        Defendant

## ORDER ON MOTION TO SET ASIDE ENTRY OF DEFAULT

Before the court is defendant's Motion to Set Aside Entry of Default. Plaintiff

Jessica Hamilton has opposed the motion. For the reasons that follow the motion is

denied.

## BACKGROUND

Jenny Gaudet and Jessica Hamilton ("Jenny" and "Jessica," collectively

"Plaintiffs") filed this Complaint against their father, William Gaudet ("Defendant")

on August 8, 2011. At the time of filing the Complaint, the Plaintiffs also brought an

Ex Parte Motion for Attachment and Trustee Process, granted that same day.

Service of the Summons, Complaint and Ex Parte Motion documents on the

Defendant was made on August 15, 2011 at the Carroll County House of Corrections

in Ossipee, New Hampshire. Attorney William Trafidlo of Portsmouth, New

Hampshire indicated that he represented the Defendant and asked the Plaintiffs for

1

a 21-day extension of the deadline to file an Answer, to September 26, 2011. The Plaintiffs agreed to that request.

On September 27, 2011, the Defendant filed a *pro se* Motion to Enlarge Time to Answer, seeking an extension of the time for response to December 2, 2011, on the grounds that he is incarcerated and unable to obtain counsel without access to the funds attached through trustee process.[1] This motion was granted in part by allowing the Defendant until October 28, 2011, roughly an additional thirty days, to make a responsive pleading.

On October 26, 2011, the York County Superior Court received a Motion for Reconsideration of the Motion to Enlarge Time to Answer. The Defendant sought to have this court reconsider its Order granting a partial extension of time and asked the court to extend the deadline even further to January 30, 2012. The Defendant cited as grounds for this motion the fact that he remains incarcerated awaiting trial in two cases, causing him to be unable to retain representation, and also the fact that he cannot respond to this Complaint because the pending criminal charges are based on the same alleged conduct as this case. This court denied this motion on November 30, 2011.

The Defendant states that he received this Order on December 3, 2011. The Defendant further states that on December 8, 2012 he caused an Answer to be filed in this case. On April 6, 2012, the clerk of the York County Superior Court entered a default against the Defendant for failure to plead or otherwise defend this action. He now seeks to set aside this entry of default under M.R. Civ. P. 55(c) on the

---

[1] The Motion is dated September 26, 2011 but is date stamped September 27, 2011. Going by the date stamp, the motion was submitted after the expiration of the time afforded to act.

2

grounds that, pursuant to M.R. Civ. P. 12(a)(1), he should have been afforded ten days after the denial of his Motion for Reconsideration to file an Answer.

## DISCUSSION

The Defendant's motion does not seek the relief afforded by M.R. Civ. P. 55(c), which allows a court to remove an entry of default for good cause shown. Instead, he argues that he did not fail to plead or otherwise defend this action because he filed an Answer on December 8, 2011, a date that was within ten days of his receipt of this court's Order denying his Motion for Reconsideration.

M.R. Civ. P. 12(a) requires a defendant to serve his answer within twenty days of service of the summons and complaint, unless the court directs otherwise. This rule also states, "[t]he service of a motion permitted under this rule alters these periods of time...if the court denies the motion...the responsive pleading shall be served within 10 days after notice of the court's action." M.R. Civ. P. 12(a). The motions allowed under Rule 12 include a motion for a more definite statement, a motion for judgment on the pleadings, and a motion to strike. *See* M.R. Civ. P. 12(c), (e), and (f). A motion for enlargement of time is a motion made under M.R. Civ. P. 6(b).

Neither the Defendant's September 27th Motion for Enlargement of Time nor the Motion for Reconsideration are Rule 12(a) motions, therefore, no additional time to file a response is allowed after this court denied the Motion for Reconsideration. To allow such an interpretation of the rules would create an unintended mechanism for enlarging the pleading period. The Defendant was required to serve his responsive pleading by October 28, 2010. The Defendant has been successful in delaying the deadline for responding to this action for far longer

3

than the rules generally allow. However, despite his circumstances that prevented him from making a full response at the time, he could have made a response that would have satisfied the rules but protected his privilege against self-incrimination.

Even if this motion were considered to be a motion for setting aside an entry of default under M.R. Civ. P. 55(c) for good cause shown, the Defendant fails to put forward a satisfactory argument on which the court could act. "A movant must show good cause for setting aside an entry of default pursuant to M.R. Civ. P. 55(c). Good cause requires a good excuse for untimeliness and a meritorious defense." *Richter v. Ercolini*, 2010 ME 38, ¶ 15, 994 A.2d 404 (internal citations removed). The Defendant has not presented any argument as to a meritorious defense.

The Defendant's Motion for Relief from Entry of Default is DENIED. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: 6/7/12

John H. O'Neil, Jr.
Justice, Superior Court

4

ATTORNEY FOR PLAINTIFF JESSICA LYNN HAMILTON:
AARON K BALTES
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

ATTORNEY FOR PLAINTIFFS:
ROGER M CHAMPAGNE
CHAMPAGNE & SIMPSON LLC
13 CRESCENT ST SUITE 200
BIDDEFORD ME 04005


ATTORNEY (LIMITED) FOR DEFENDANT:
WILLIAM A TRAFIDLO
LAW OFFICES OF WILLIAM A TRAFIDLO PA
1 CATE STREET
PORTSMOUTH NH 03801

ATTORNEY FOR TRUSTEE:
MICHAEL F VAILLANCOURT
AINSWORTH THELIN & RAFTICE
PO BOX 2412
SOUTH PORTLAND ME 04116-2412