ENTERED NOV 0 5 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-13-230
4/23/2014
CUM-TDW-04-23-14

NANCY GAMASH,

　　　　Plaintiff

v.

ORDER

THOMAS BLAIR, et al,

Cler　　　　　　　　　ffice

　　　　Defendants

24

RECEIVED

Before the court is a motion by defendant Reverse Mortgage Solutions Inc. (RMS Inc.) to set aside the default that was entered against it on February 13, 2014.

RMS Inc. was added as a defendant after a motion to amend was granted by order dated December 9, 2013. Service was made on an agent authorized to accept process on January 6, 2014. No answer or other response having been received, plaintiff Nancy Gamash filed an application for the entry of a default and for a default judgment on February 6, 2014. The clerk entered a default on February 13, 2014 but because of some uncertainty as to the relief sought against RMS Inc., a default judgment was not entered.[1]

By motion filed on February 25, 2014, RMS Inc. moved to set aside the default. Under Rule 55(c) a party seeking to set aside a default must show good cause, which has been construed to mean a good excuse for the untimeliness in pleading and a potentially meritorious defense. Richter v. Ercolini, 2010 ME 38 ¶ 15, 994 A.2d 404.

In support of its motion RMS Inc. has offered an affidavit by the paralegal who received the summons and complaint, construed it as a claim affecting title to the

_____

[1] See order dated February 13, 2014. As a result, this motion must be evaluated under the good cause standard in Rule 55(c) rather than the more exacting excusable neglect standard contained in Rule 60(b)(1).

property, and attempted to send it to the Title Insurer involved with the Frost property.[2] However, the complaint was sent to the wrong title insurance company and had to be re-sent – arriving at Chicago Title on January 23, 2014, three days before the deadline for answering.

RMS Inc.'s papers state that it was still waiting to hear from Chicago Title, which is reviewing the case to determine if there is coverage, when it received notice that a default had been entered. RMS Inc. can legitimately be faulted for not recognizing that when it sent the complaint the deadline for answering was fast approaching and for not following up with Chicago Title or otherwise taking action to ensure that a timely answer was filed or that an extension was requested. However, RMS Inc.'s actions do not quite qualify as gross neglect, particularly where it moved to set aside the default within 12 days after it was entered. This court adheres to the principle that defaults should be set aside where no gross neglect was involved in the late filing, where the opposing party has not been substantially prejudiced by the delay, and where a meritorious defense for purposes of Rule 55(c) has been shown. Thomas v. Thompson, 653 A.2d 417, 420 (Me. 1995).

In this case there is at least one potentially meritorious defense in that the power of attorney which Gamash is seeking to invalidate appears to have been executed prior to the enactment of 18-A M.R.S. § 5-905(b). The validity of a power of attorney has to be considered under the law in effect at the time of execution. See 18-A M.R.S. § 5-906(b). Moreover, a potentially meritorious defense for purposes of Rule 55(c) may be set forth in a proposed answer filed with the motion to set aside the default. Hart v. Terry L. Hopkins Inc., 588 A.2d 1187, 1190 (Me. 1991).

---

[2] Given that the complaint stated that it sought to have any rights asserted by RMS Inc. in the Frost property declared to be void and unenforceable, the court does not seriously fault RMS Inc. on this score.

2

The court can discern no prejudice to Gamash resulting from RMS Inc.'s delay in answering. This is particularly true because the case has been delayed for other reasons. Granting RMS Inc.'s motion in this case is also consistent with the strong preference for deciding cases on their merits, Thomas v. Thompson, 653 A.2d at 420, and the principle that doubts should be resolved in favor of setting aside a default so that the merits may be heard. 3 C. Harvey, Maine Civil Practice § 55:7 (2011).

The entry shall be:

The motion by defendant Reverse Mortgage Solutions Inc. to set aside the default entered on February 13, 2014 is granted. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April 23, 2014

Thomas D. Warren
Justice, Superior Court

3

Plaintiff's Counsel

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

DANIEL WARREN ESQ
JONES & WARREN PA
243 US ROUTE ONE
SCARBOROUGH ME 04074

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JOHN LAMBERT ESQ
LAMBERT COFFIN RUDMAN HOCHMAN
PO BOX 15215
PORTLAND ME 04112-5215

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

DEBORAH MANN ESQ
TUDOR GOLDSMITH ESQ
JENSEN BAIRD GARDNER HENRY
PO BOX 4510
PORTLAND ME 04112

Defendant
Thomas Blairs
Attorney:

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JEFFREY J HARDIMAN ESQ
SHECHTMAN HALPERIN SAVAGE LLP
1080 MAIN STREET
PAWTUCKET RI 02860

Defendant
RMSIs
Attorney