STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-15-212

BANK OF AMERICA, N.A.,

Plaintiff

STATE OF MAINE
Cumberland ss Clerk's Office

MAY 23 2016

RECEIVED

v.

ORDER

FAY A. BURKHART, et al.,

Defendant

Before the court is third party defendant iReverse Home Loans, LLC's motion for reconsideration of the court's order denying its motion to set aside an entry of default. M.R. Civ. P. 7(b)(5). For the following reasons, the motion is denied.

FACTS

Plaintiff filed a complaint for foreclosure on August 21, 2015. Defendant initiated a third party complaint against iReverse on September 21, 2015. The third party complaint and summons were served on iReverse's registered agent in Baltimore, Maryland on December 23, 2015. On January 12, 2016, the deadline for serving its answer, iReverse's president, Kenneth Klawans, emailed and faxed a letter to Attorney Chowdry stating that iReverse denied all counts and intended to oppose the lawsuit.

On January 13, 2016, defendant filed an application to the clerk for an entry of default against iReverse. The clerk entered default on January 21, 2016. Also on January 21, iReverse filed an answer with the court. On January 26, iReverse moved to set aside the entry of default. iReverse argued that Mr. Klawans's letter was its answer, and that it was timely served because it was sent to Attorney Chowdry within the answer period.

1

The court denied the motion on April 29, 2016. Among other things, the court found that the January 12 letter was not in the record, and the court therefore could not evaluate whether the letter qualified as an answer or whether it was in fact timely.

On May 9, 2016, iReverse filed a motion for reconsideration and attached the January 12 letter to the motion. iReverse argues that the court's order was in error because iReverse had already filed the letter with its answer.

DISCUSSION

1. Standard of Review

"Motions for reconsideration of an order shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). The court treats a motion for reconsideration as a motion to alter or amend the judgment. M.R. Civ. P. 59(e). The court does not grant a motion to alter or amend the judgment "unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." Cates v. Farrington, 423 A.2d 539, 541 (Me. 1980).

2. Motion for Reconsideration

The fact that the January 12 letter is now in the record because of the motion for reconsideration does not change the court's analysis because the letter does not qualify as an answer. With exceptions not relevant here, "[n]o person may practice law or profess to practice law within the State or before its courts . . . unless that person has been admitted to the bar of this State . . . .". 4 M.R.S. § 807(1) (2015). The Law Court has specifically held that a pleading filed by a corporation's president was a "nullity" because the president was not admitted to practice law in Maine. Land Mgmt., Inc. v.

2

Dep't Envtl. Prot., 368 A.2d 602, 604 (Me. 1977). Mr. Klawans is not admitted to practice law in Maine.[1] His letter to Attorney Chowdry is therefore a nullity.

CONCLUSION

iReverse did not answer the third party complaint within the answer period because Mr. Klawans's letter does not qualify as an answer.

The entry is

> Third Party Defendant iReverse Home Loans, LLC's Motion for Reconsideration is DENIED.

Date: May 20, 2016

Nancy Mills
Justice, Superior Court

---

[1] https://www1.maine.gov/cgi-bin/online/maine_bar/attorney_directory.pl

STATE OF MAINE
CUMBERLAND, ss

BANK OF AMERICA, N.A.,

     Plaintiff

v.

FAY A. BURKHART, et al.,

     Defendant

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-15-212

ORDER

STATE OF MAINE
Cumberland ss. Clerk's Office

APR 29 2016

RECEIVED

Before the court are (1) defendant Fay Burkhart's motion for partial judgment on the pleadings, or in the alternative, partial summary judgment; (2) third party defendant iReverse Home Loans, LLC's motion to set aside an entry of default; and (3) defendant's amended motion for default judgment against iReverse. For the following reasons, the motion for partial judgment on the pleadings is denied and the motion to set aside the entry of default is denied. The court defers ruling on the motion for default judgment until after a hearing on damages.

FACTS

Plaintiff filed its complaint for foreclosure in Bridgton District Court on August 21, 2015. Plaintiff seeks to foreclose on property located at 46 Nasons Beach Road in Sebago. On September 21, 2015, defendant filed an answer and a counterclaim with three counts against plaintiff: count I, fraud in the inducement; count II, slander of title; and count III, unfair trade practices. Defendant also initiated a third party complaint against iReverse, defendant's mortgage broker, with two counts: count I, incorporating claims of fraud in the inducement and unfair trade practices from defendant's counterclaim; and count II, breach of fiduciary duty. Also on September 21, 2015, defendant removed the case to Superior Court.

1

Mediation was scheduled for December 18, 2015. On November 30, 2015, plaintiff filed a motion to terminate mediation. On December 15, 2015, defendant opposed the motion and also moved for partial judgment on the pleadings, or in the alternative, partial summary judgment. Mediation occurred on December 18, 2015, and a final mediator's report was filed that same day. The third party complaint and summons were served on iReverse's registered agent in Baltimore, Maryland on December 23, 2015. On January 5, 2016, plaintiff opposed defendant's motion for partial judgment on the pleadings. Defendant filed a reply on January 12, 2016.

On January 13, 2016, defendant filed an application to the clerk for an entry of default against iReverse and a motion to the court for default judgment against iReverse. The clerk entered default against iReverse on January 21, 2016. Also on January 21, 2016, defendant filed an amended motion for default judgment, counsel for iReverse entered an appearance, and iReverse filed an answer to defendant's third party complaint. On January 26, 2016, iReverse filed a motion to set aside the entry of default and an opposition to defendant's motion for default judgment.

On February 1, 2016, the court issued an order stating that the motion to terminate mediation was moot. On February 4, 2016, defendant filed an amended affidavit to its amended motion for default judgment, an opposition to iReverse's motion to set aside the entry of default, and a reply to iReverse's opposition to the motion for default judgment. Also on February 4, 2016, iReverse filed an opposition to defendant's amended motion for default judgment. On February 11, 2016, iReverse filed a reply to defendant's opposition to the motion to set aside the entry of default.

2

## DISCUSSION

### 1. Motion for Partial Judgment on the Pleadings

Defendant requests that the court enter judgment on counts I and III of her counterclaim and judicially estop plaintiff from asserting that defendant's Sebago property is her primary residence.[1] (Def.'s Mot. J. Pleadings 4-7.)

As a preliminary matter, it is unclear whether defendant's motion is timely. M.R. Civ. P. 93(d)(1) provides that "no dispositive motions or requests for admissions shall be filed until five (5) days after mediation is completed and a final mediator's report is filed with the court." M.R. Civ. P. 93(d)(1). Under that rule, defendant's December 15 motion is premature because a final mediator's report was not filed until December 18. However, M.R. Civ. P. 93 applies only when the defendant is an "owner-occupant," which is defined as "the mortgagor of a residential property that is that individual's primary residence." See id.; M.R. Civ. P. 93(a)(3); 3 Harvey, Maine Civil Practice § 93:2 at 609 (3d ed. 2011). Plaintiff does not dispute that defendant's Sebago property is not her primary residence. (Pl.'s Opp'n to Def.'s Mot. J. Pleadings ¶ 9.) Therefore, although the case proceeded through mediation, it appears that M.R. Civ. P. 93 does not apply.

Regardless of the timeliness issue, defendant cannot prevail. When a motion for judgment on the pleadings is made by the plaintiff,[2] the motion "challenges the legal sufficiency of the answer." Temple v. DiPietro, 2015 ME 166, ¶ 27, 130 A.3d 368 (citation omitted). It is therefore effective "only when the sole defense is an affirmative one, because any denials of fact by defendant will be taken as true for purposes of the

---

[1] In the motion, defendant actually requests that plaintiff be "judicially estopped from asserting that the Sebago property is not the Defendant's primary residence." (Def.'s Mot. J. Pleadings 7) (emphasis added.) Defendant must have intended to request that the court estop plaintiff from asserting that the Sebago property is her primary residence because defendant claims that her primary residence was in Florida. (Countercl. ¶ 32.)

[2] For purposes of the motion for judgment on the pleadings, the court treats defendant as a plaintiff because she is moving for judgment on counts I and III of her counterclaim.

3

motion and thus will have to be tried." Id. (citation omitted). Plaintiff asserted five affirmative defenses but also denied multiple allegations in the counterclaim. (Pl.'s Ans. ¶¶ 1-2, 4-7, 9-13, 15-19.) These denials preclude entry of judgment on the pleadings. See Temple, 2015 ME 166, ¶¶ 28-29, 130 A.3d 368; Cunningham v. Haza, 538 A.2d 265, 267 (Me. 1988) ("Conflict between pleadings can be reached only by motion for summary judgment or trial.").

Even if the court were to treat the motion as one for summary judgment, defendant does not prevail. Defendant asks the court to estop plaintiff from arguing that the Sebago property is her primary residence because it has allegedly changed its position on this issue. Defendant claims that plaintiff initially asserted the Sebago property was her primary residence because it included with its complaint a request for mediation, which is available only when the property at issue is owner-occupied, and because it denied the paragraph of defendant's counterclaim that stated defendant is a Florida resident. (See Supp. S.M.F. ¶¶ 2, 4.) Defendant claims that plaintiff then changed its position by moving to terminate mediation on the ground that the Sebago property was not her primary residence. (See id. ¶ 6.)

The form answer that plaintiff included in its complaint was required by statute and cannot be viewed as an assertion that defendant qualified for mediation. (Pl.'s Addt'l S.M.F. ¶ 4); see 14 M.R.S. § 6321-A(2) (2015). In its answer to defendant's counterclaim, plaintiff denied that defendant's property in Sebago was her primary residence because it was without knowledge or information sufficient to form a belief. (Pl.'s Addt'l S.M.F. ¶¶ 1-2.) When plaintiff learned through defendant's representations that the property was not her primary residence, plaintiff properly moved to terminate mediation on that ground. (See id. ¶ 3.) Plaintiff has raised a genuine issue of material fact concerning whether plaintiff impermissibly changed its position.

4

2. Motion to Set Aside Entry of Default

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." M.R. Civ. P. 55(a). The court may set aside an entry of default for good cause. M.R. Civ. P. 55(c). "Good cause requires a good excuse for untimeliness and a meritorious defense." Estate of Gordon, 2004 ME 23, ¶ 19, 842 A.2d 1270. "[A] trial court's determination of whether a party had a good excuse for his or her untimely filing" is given "considerable deference." Richter v. Ercolini, 2010 ME 38, ¶ 15, 994 A.2d 404.

The summons and complaint were served on iReverse's registered agent on December 23, 2015. iReverse was therefore required to serve its answer on or before January 12, 2016. M.R. Civ. P. 12(a). A party accomplishes service by delivering the answer to the opposing party's attorney. M.R. Civ. P. 5(b). The party also must file the answer with the court "either before service or within a reasonable time thereafter." M.R. Civ. P. 5(d).

Although iReverse states its principal, Kenneth Klawans, emailed and faxed a copy of his response to Attorney Chowdry on January 12 and that copies of the response, email confirmations, and fax receipts were filed with iReverse's answer, there is no response dated January 12, 2016 in the record and no such attachments to the answer. (Mot. Set Aside Entry Default ¶¶ 2-3.) The court therefore cannot evaluate whether this response qualifies as an answer or whether it was in fact timely.

iReverse's other arguments are equally unpersuasive. For example, iReverse argues that, even if it failed to plead within the deadline, its January 12 response shows that it "otherwise defended" within the meaning of M.R. Civ. P. 55(a). (Mot. Set Aside Entry Default 4-6.) The phrase "otherwise defend" does not expand the opportunities

5

for a party to avoid default. To the contrary, it expands the grounds on which the clerk may enter default. See M.R. Civ. P. 55 reporter's notes ("The typical situation for a default is the failure to file an answer within 20 days as required by Rule 12, but it may also result from the failure to 'otherwise defend.'"). Therefore, M.R. Civ. P. 55(a) cannot be interpreted as waiving the requirement of an answer.

iReverse also claims that Mr. Klawans was on vacation and did not receive the complaint until he returned to the office. (Mot. Set Aside Entry of Default ¶ 2.) The motion does not specify when Mr. Klawans returned to the office. In any event, it is not reasonable for a company to rely only on its principal to attend to legal matters. See Levine v. KeyBank Nat'l Ass'n, 2004 ME 131, ¶ 21, 861 A.2d 678 ("The foundation of a good excuse is a reasonable explanation, which KeyBank failed to provide."). Further, iReverse fails to explain why it did not retain Maine counsel until January 21, 2016, at least nine days after it became aware of the complaint. (Mot. Set Aside Entry Default ¶ 6.) Because iReverse has not demonstrated a good excuse, the court does not address whether it has a meritorious defense.

### 3. Amended Motion for Default Judgment

When the plaintiff's claim does not involve a sum certain, the plaintiff must apply to the court for a default judgment.[3] M.R. Civ. P. 55(b)(2). "[A] final default judgment cannot be entered until the amount of damages has been ascertained."

---

[3] iReverse raises the issue that the certificate of service states the motion for default judgment was served on a Leonard Crossman, while iReverse's agent's name is actually Leonard Grossman. (Opp'n to Def.'s Mot. Default J. ¶ 5.) Despite this error, it appears the correct person was served because iReverse filed a timely opposition. iReverse also argues that the motion is defective because the attached affidavit dated 2/21/16 does not address the issue of venue, as required by M.R. Civ. P. 55(b)(4). (Reply to Def.'s Opp'n to Mot. Set Aside Entry Default 3.) Defendant has offered an amended affidavit that addresses venue and requests leave to file it. (Def.'s Opp'n Mot. Set Aside Entry Default 10; 2/4/16 Aff.) Defendant's amended affidavit is unnecessary. Compare M.R. Civ. P. 55(a), with 55(b)(4) (prohibiting judgment by default "until the filing of an affidavit" that shows defaulting party is not in military service and that venue is properly laid).

6

<u>Michaud v. Mut. Fire, Marine & Inland Ins. Co.</u>, 505 A.2d 786, 790 (Me. 1986). The amount of defendant's damages is unclear. Rule 55(b)(2) provides:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . .

M.R. Civ. P. 55(b)(2). A hearing on damages will be scheduled.

<u>CONCLUSION</u>

Defendant's motion for partial judgment on the pleadings is denied because plaintiff has denied allegations in the third party complaint. iReverse's motion to set aside the entry of default is denied because the January 12 response is not in the record, and iReverse has not demonstrated good cause. With regard to defendant's motion for default judgment on the third party complaint, hearing on damages will be scheduled.

The entry is

> Defendant's Motion for Partial Judgment on the Pleadings against Plaintiff is DENIED.
>
> Third Party Defendant's Motion to Set Aside Default is DENIED.
>
> Ruling on Defendant's Motion for Default Judgment on the Third Party Complaint is DEFERRED. Hearing on Damages will be Scheduled.

Scheduling Order to issue.

Date: April 28, 2016

Nancy Mills
Justice, Superior Court

7