STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-21

ALEXANDRA TAYLOR,

Plaintiff

v.

WILLIAM ROBBINS,

Defendant

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 20 2016

RECEIVED

ORDER

Before the court is a motion by defendant William Robbins pursuant to Rule 55(c) to set aside a default entered on February 26, 2016.

Robbins was served on January 25, 2016. Because of a weekend and the President's Day Holiday, his answer was due on February 16, 2016. The affidavits submitted by Robbins in support of his Rule 55(c) motion demonstrate that Robbins took the complaint to his insurance agent the same day he was served and that the insurance agent faxed the complaint to the State Farm Claims Representative, Matt Green, that same day as well.

Green left for vacation on February 11, 2016, apparently without arranging for representation for Robbins. While Green was away, State Farm discovered he was behind in his work and had missed deadlines and terminated him.

On February 25, 2016, no answer having been filed, plaintiff sought the entry of a default. The default was entered on February 26, 2016. On February 29, Robbins learned that a default had been entered and brought that to the attention of his insurance agent. The motion to set aside the default and for leave to file a late answer was filed on March 4, 2016 – 17 days after an answer was originally due and one week after a default was entered. Additional affidavits in support of that motion were filed on March 9, 2016

Under Rule 55(c) a party seeking to set aside a default must show good cause, which has been construed to mean a good excuse for the untimeliness in pleading and a potentially meritorious defense. Richter v. Ercolini, 2010 ME 38 ¶ 15, 994 A.2d 404. Plaintiff argues that Robbins has made neither showing.

The court agrees that Robbins has not demonstrated a meritorious defense as to liability. The information set forth in the motion to set aside the default does not establish any basis on which Robbins would not be found negligent. Nor, although Robbins includes a defense of comparative negligence in his proposed answer, is there any support for such a defense in the materials submitted.

As a result, even though the named defendant was himself diligent in addressing the lawsuit, even though the both the named defendant and his insurer moved swiftly to set aside the default once it had been entered, and even though the court discerns no prejudice to the plaintiff if the default were set aside, the court will deny the motion to set aside the default.[1]

However, a Rule 55(b)(2) damages hearing will be necessary in this case. Under the circumstances, defendant shall have the right to conduct discovery and present evidence at the damages hearing, and the court will issue the usual scheduling order, including a requirement of ADR. *See Boit v. Brookstone Co.,* 641 A.2d 864, 865-66 (Me. 1994).

---

[1] If a meritorious defense had been shown, the court would exercise its discretion to set aside the default. The court adheres to the principle that defaults should be set aside where no gross neglect was involved in the late filing and where no prejudice has been shown. *E.g., Thomas v. Thompson,* 653 A.2d 417, 420 (Me. 1995). This is consistent with the strong preference for deciding cases on their merits and the principle that doubts should be resolved in favor of setting aside a default so that the merits may be heard. 3 C. Harvey, Maine Civil Practice § 55:7 (2011).

2

The entry shall be:

Defendant's motion to set aside default is denied. Defendant shall be entitled to take discovery and present evidence on the issue of damages. Scheduling order to issue. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June 20, 2016

Thomas D. Warren
Justice, Superior Court