STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-22-362

DEBORAH HEYWARD,

Plaintiff

v.

ORDER

JENNIFER ARSENAULT,

Defendant

Before the court is defendant Jennifer Arsenault's motion to set aside an entry of default.

This action was commenced by the service of a summons and complaint on October 24, 2022. The file contains a return of service showing that Arsenault was served on October 24, 2022 by delivery of the summons and complaint to Andrew Smith, described as a person of suitable age and discretion residing at Arsenault's residence. The complaint in this action was filed on November 3, 2022.

Counsel for plaintiff Deborah Heyward filed a request for entry of default on November 14, 2022. Because the 20-day time limit set forth in the summons for Arsenault to serve her answer ended on Sunday, November 13, that deadline was automatically extended to the following day (November 14) pursuant to M.R.Civ.P. 6(a). Therefore, Hayward's request for entry of default was actually filed before Arsenault's time to answer had expired.

**Plaintiff-Neal Weinstein, Esq.**
**Defendant-John Veilleux, Esq.**

REC'D CUMB CLERKS OF
APR 7 '23 PM3:32

Although Rule 55 had been amended effective October 11, 2022 to require that notice of the request for default be given to Arsenault, *see* M.R.Civ.P. 55(f), the file contains no indication that notice of the request for entry of the default was given to Arsenault.[1]

Arsenault did not serve and file a timely answer, and a default was entered by the clerk on November 21, 2022.

Shortly thereafter Heyward's counsel filed a motion for a damages hearing.[2] The damages hearing appears to have been put on a civil trial list running from February 6 to March 24, 2023 but in the meantime Arsenault, through counsel, filed an answer on January 6, 2023 and a motion to set aside the default on February 3, 2023.

The motion was accompanied by an affidavit from Arsenault's insurance adjuster stating that there had been pre-suit discussions between Heyward's counsel and the adjuster, that the adjuster had informed Heyward's counsel that she was going on maternity leave, and that the adjuster requested that, if a complaint was filed, a courtesy copy of the complaint be provided to the insurer. The adjuster's affidavit states that she provided Heyward's counsel with an email address that would be monitored while she was on maternity leave and to which a courtesy copy of the complaint could be sent.

No courtesy copy was sent. The response of Heyward's counsel is that he never agreed to send a courtesy copy. In fact, Arsenault's motion and her adjuster's affidavit do not suggest that Heyward's counsel had agreed to send a courtesy copy, just that the request had been made. The

---

[1] Heyward's request for entry of default was filed without a cover letter. In addition, Heyward's objection to Arsenault's motion to set aside the default states that all court filings "following the entry of default" were mailed to Arsenault. Finally, Heyward's request for a default also checked off the box requesting that a default be entered "ex parte." This confirms that Arsenault was not given notice of the request for default.

[2] According to the cover letter from plaintiff's counsel, that motion, unlike the request for a default, was served on Arsenault. It recited that a default had been entered by the clerk on November 21.

2

affidavit submitted by Heyward's counsel does not state that he declined adjuster's request. Instead, the affidavit states only that Heyward's counsel "did not respond" to the adjuster's email. Weinstein Affidavit ¶ 4.[3]

Discussion

On a motion to set aside a default pursuant to Rule 55(c) the moving party must show good cause, which has been construed to mean a good excuse for the untimeliness in pleading and a potentially meritorious defense. *Richter v. Ercolini,* 2010 ME 38 ¶ 15, 994 A.2d 404. Motions to set aside defaults have been granted in cases where no "gross neglect" was involved in the late filing, where the nondefaulting party has not been substantially prejudiced, and where a meritorious defense exists. *Thomas v. Thompson,* 653 A.2d 417, 420 (Me. 1995), citing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2696 (1983).

In this case, Heyward argues that Arsenault's motion should not be granted because her late response constituted gross neglect, because Heyward would be prejudiced by lifting the default, and because Arsenault has not shown a meritorious defense.

First, the only prejudice cited by Heyward is her loss of the benefit of the default, the need to litigate the action on the merits, and the delay that would result. However, this is not the kind of prejudice that weighs against granting a motion to set aside a default. *See* 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil § 2699 at 205 (2016). Otherwise the party losing the benefit of the default would always be prejudiced, and Rule 55(c) motions would be uniformly denied.

---

[3] The adjuster's affidavit states that Arsenault had also attempted to upload a copy of the complaint to provide it to her insurer but that her attempt had not been successful. For his part, plaintiff's counsel states that he was advised after the default had been entered that the insurer had tried to call Arsenault at some point but that those calls had not been returned.

3

Similarly, while Heyward contends that Arsenault has not demonstrated the existence of a meritorious defense, a party seeking to set aside a default is not required to offer evidence to support a meritorious defense, and its assertions are deemed to be true.[4] *See Hamby v. Thomas Realty Associates*, 617 A.2d 562, 564 (Me. 1992). The court does not explore the validity of those defenses in deciding whether to set aside a default.

Heyward contends that the crash report submitted by the Department of Public Safety rebuts any claim that Arsenault has a meritorious defense, but that report is inadmissible. 29-A M.R.S. § 2251(7). Even if it were not inadmissible, Heyward is asking to court, in effect, to determine who was at fault for the collision – which goes beyond the court's role on a motion under Rule 55(c).

That leaves the question of whether Arsenault's motion should be denied because Arsenault's response constituted gross neglect.

Arsenault's answer was filed a month and a half after it was due, which was more than a minimal delay. However, on balance the court concludes that the delay in this case did not constitute gross neglect for two reasons. The first is that the delay was not inordinate, and setting aside the default in this case is consistent with the strong preference for deciding cases on their merits. *See Thomas v. Thompson*, 653 A.2d 417, 419, 420 (Me. 1995); *Millet v. Dumais*, 365 A.2d 1038, 1040 (Me. 1976), quoting Field McKusick & Wroth, *Maine Civil Practice* § 55.4 at 21-22 ("substantial rights should not be determined by default if that procedure can reasonably be avoided and no substantial prejudice has resulted"); 3 C. Harvey, *Maine Civil Practice* § 55:7 (2011).

---

[4] For this reason it would probably be more accurate to state that a party moving to set aside a default must only present a *potentially* meritorious defense.

The second is that the adjuster in this case did not disregard the possibility of litigation but attempted to be notified if a complaint was filed. Indeed, the record in this case demonstrates that Heyward's counsel took various steps that at least appear to have been designed to procure the entry of a default and thereby to circumvent litigation on the merits. Heyward's request for entry of a default was submitted before the time for Arsenault to answer had even expired. It was submitted in violation of a recent amendment to Rule 55(f) requiring that a request for a default not be made ex parte but that notice be given to the party against whom a default is sought. Heyward's counsel also knew that the adjuster would be on maternity leave and had received an email requesting that a courtesy copy of any complaint be provided, but he chose not to respond to that request.[5]

Allowing a default to remain in place under those circumstances would suggest that the court approves actions that at least appear to have been designed to avoid litigation on the merits and would be inconsistent with the principle that any doubt should be resolved in favor of setting aside a default.

The entry shall be:

Defendant's motion to set aside the entry of default is granted. The defendant's answer filed on January 6, 2023 is accepted and a scheduling order shall issue. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April 7 , 2023

Thomas D. Warren
Active Retired Justice, Superior Court

---

[5] The court is not suggesting that Heyward's counsel was required to provide a courtesy copy but only that, under the specific circumstances in this case, his failure to respond – even by declining the adjuster's request – is consistent with other facts indicating an apparent desire to procure a default.