STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-22-8

JULIE BOUCHARD,

     Plaintiff,

v.

RICHARD MERROW

     Defendant.

)
)
)
)
)
)
)
)
)
)

**DECISION AND ORDER**

Defendant Richard Merrow appeals the default judgment entered against him in the District Court. For the following reasons, the judgment is AFFIRMED.

## PROCEDURAL HISTORY

In March 2022, Plaintiff Julie Bouchard filed a statement of claim against the defendant. She sought $4,000 to compensate her son for costs he incurred raising emu chicks pursuant to a "joint venture" with the defendant.

The record reflects that the defendant was notified of the statement of claim against him by certified mail, and that the clerk of the court sent him notice of a hearing scheduled for November 3, 2022. The defendant failed to appear at the hearing. The District Court (South Paris, *Churchill, J.*) entered a default judgment against him in the amount of $4,000 plus costs. *See* M.R.S.C.P. 8(b).

Upon receiving notice of this judgment, the defendant moved to vacate the judgment on the basis that he was "not notified of the date of this hearing, therefore did not attend." *See Richter v. Ercolini*, 2010 ME 38, ¶ 11, 994 A.2d 404 ("In cases in which a defaulted defendant failed to appear before the entry of a default judgment,

1

[Law Court] decisions require that the defaulted defendant file a Rule 60(b) motion in the trial court before seeking appellate review."). The District Court denied the motion on November 30, 2022, explaining that "[n]otice was provided to the proper address." The defendant filed the instant appeal on December 1, 2022. *See* M.R.S.C.P. 11(a).

## DISCUSSION

The Small Claims Act was created "for the purpose of providing a simple, speedy and informal court procedure for the resolution of small claims." 14 M.R.S. § 7481 (2023). "Only if a defendant appears and defends in Small Claims Court can the merits of a plaintiff's claim be tested and a judgment for the defendant be possible." *H & H Oil Co. v. Dineen*, 557 A.2d 604, 605 (Me. 1989).

In his appeal of the default judgment, the defendant has asserted that the District Court committed an error of law. *See* M.R.S.C.P. 11(d)(2); *Taylor v. Walker*, 2017 ME 218, ¶¶ 5-6, 173 A.3d 539 (noting that in the absence of a jury trial request, the Superior Court's review of a small claims judgment is limited to alleged errors of law or abuses of discretion). Specifically, he argues that he did not receive proper notice of the hearing date and should have been allowed to defend himself against the plaintiff's claim.

"What actions are legally sufficient to constitute effective service of process . . . is a legal question[.]" *Maguire Constr., Inc. v. Forster*, 2006 ME 112, ¶ 8, 905 A.2d 813. Here, the record demonstrates that the plaintiff complied with the

2

service requirements of Maine Rule of Small Claims Procedure ("Rule") 4(a)(2).[1] The clerk of court thereafter sent the notice of hearing to the defendant at the address provided on the statement of claim form, as required by Rule 4(f). The District Court accordingly did not err in determining that notice of hearing was properly given.

## CONCLUSION

For the foregoing reasons, the Judgment of the District Court is AFFIRMED.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED:  5/5/23

_____
Julia M. Lipez
Justice, Superior Court

---

[1]     A plaintiff may serve a defendant "[b]y mailing a copy of the statement of claim, first class, postage prepaid, registered or certified, restricted delivery, return receipt requested, to the person to be served." M.R.S.C.P. 4(a)(2). "Service by this method is complete when the registered or certified mail is delivered and the receipt is signed by the person to be served, provided that the receipt is returned to the sender." *Id.*