STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-2023-81

AMERICAN NATIONAL FACILITIES
MANAGEMENT LP

v.                                                      ORDER

PERSONAL TOUCH HANDYMAN LLC

*et. al.*

Before the court are Plaintiff's applications for a default judgment with respect to all three Defendants. Defendants Tamika Jones and Personal Touch Handyman LLC have failed to file a timely answer and the clerk will enter a default against them. There is insufficient evidence supporting an attorneys fees award and the court denies the request for a default judgment without prejudice.

With respect to James Little, the court's April 25 Order stated that service on Little was complete when the Plaintiff filed an Affidavit that Plaintiff had complied with the order allowing alternative service. Plaintiff filed the Affidavit on May 3, making the Answer due May 23. Little filed an Answer on June 1, making his Answer untimely. The court first addresses whether the clerk can enter a default, then addresses whether the court can enter a default judgment.

*Rule 55(a) entry of default.*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." M.R. Civ. P. 55(a). The issue here is that the clerk has not yet entered the default. Little has appeared and defended the claim.

Entered on the Docket: 6/5/2023

1

REC'D CUMB CLERKS OFC
JUN 5 '23 AM 10:03

Nevertheless, Defendant did not file an Answer within 20 days. Therefore, the issue is whether Defendant failed to defend "as provided by these rules" authorizing the clerk to enter a default.

The Law Court in *Richter v. Ercolini*, 2010 ME 38, did not address the issue directly. In that case, however, the Plaintiff filed the request for default and the clerk entered the default the day after the clerk had received the late Answer. *Id.* ¶ 2. The court ultimately did not lift the entry of default, even though the clerk entered the default the day after receipt of the late Answer. *Id.* ¶ 16.

There is also a Business Court decision on point. In *Denlin Computer Res. v. Ahj Mktg.*, the Defendant filed a late Answer on the same day as Plaintiff filed a request for a default. The clerk entered the default 12 days later. 2008 Me. Bus. & Consumer LEXIS 5, *1.

The court held:

> Although Defendants filed answers to the Complaint, they did not do so "as provided by these rules" (i.e., the Maine Rules of Civil Procedure). M.R. Civ. P. 12(a) provides in pertinent part, "[a] defendant shall serve that defendant's answer within 20 days after the service of the summons and complaint upon that defendant ...". The plain, unambiguous language of the Rule requires the answer to be served within 20 days of service. Defendants agree that they did not serve and file their answers within 20 days of service. Consequently, Defendants did not serve and file their answers to Plaintiff's Complaint as provided by the rules. The clerk was, therefore, authorized to enter the default as requested.

*Id.* **2-3.

The court agrees. Rule 55(a) requires that the clerk "shall" enter the default. The intent of the rule is to allow the clerk to perform a ministerial function without consideration of the equities or effect of their entry of default pursuant to Rule 55(a). If the Plaintiff has an argument that the default should be lifted, that should be the subject of a Rule 55(c) motion.

2

*Rule 55(b)(1) default judgment.*

In addition to the entry of default in pursuant to Rule 55(a), Plaintiff also requests a default judgment for a sum certain pursuant to Rule 55(b)(1). The language of Rule 55(a) and Rule 55(b)(1) is different. "When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk shall, upon request of the plaintiff and upon affidavit of the amount due and affidavit that the defendant is not a minor or incompetent person, enter judgment for that amount and costs against the defendant, *if the defendant has been defaulted and has failed to appear.*" M.R.Civ.P. 55(b)(1) (emphasis added).

The court reads the Rule 55(b)(1) to impose two requirements before the court can enter a default judgment. The first requirement is a Rule 55(a) entry of default, as described above. Rule 55(b)(1) imposes a second, additional, requirement that Defendant has failed to appear. That means the court should not enter a default judgment if the Defendant has appeared. One rationale for the distinction are the different requirements to lift an entry of default as opposed to lifting a default judgment. *See, Downeast Mortgage v. Cutler,* 2009 ME 84, ¶¶14-17 (lifting a Rule 55(a) entry of default requires a Rule 55(c) motion and lifting a Rule 55(b) default judgment requires a Rule 60(b) motion). Therefore, the court finds that because the Defendant has appeared, the clerk cannot enter a default judgment pursuant to Rule 55(b)(1). To obtain a default judgment after Defendant appeared, Plaintiff must either file a Motion for Default Judgment or request a hearing on damages pursuant to Rule 55(b)(2).

Here, the court would treat the Plaintiffs request for a default judgment as a motion for a default judgment. Because the court has noted that there is insufficient evidence of the claim for attorneys, the court denies the request for a default judgment against Little without prejudice.

The entry is:

3

The clerk is directed to enter a default pursuant to Rule 55(a) on all three Defendants. The request for a default judgment for a sum certain pursuant to Rule 55(b)(1) is DENIED without prejudice with respect to all three Defendants.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: 6 / 15 / 23

Thomas R. McKeon
Justice, Maine Superior Court

4