1998 ME 242

## In re NATHAN C.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 14, 1998.

Decided Nov. 9, 1998.

William F. Pagnano, Rockland, for appellant.

Andrew Ketterer, Attorney General, Sally H. DeMartini, Asst. Atty. Gen., Augusta, for appellee.

Constance Hall, Warren, Guardian ad Litem.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, Chief Justice.

[¶ 1] The father of Nathan C. appeals from the order of the Superior Court (Knox County, *Marsano, J.*) affirming the denial of his motion for relief from judgment by the District Court (Rockland, *Westcott, J.*). Because the father's motion was expressly based upon an untimely claim of newly discovered evidence, we affirm the judgment.

[¶ 2] In 1994, the District Court found Nathan C. to be in jeopardy following a child protection hearing and placed him in the custody of the State of Maine Department of Human Services. In 1997, the father filed a motion for relief from that judgment pursuant to M.R.Civ.P. 60(b). M.R.Civ.P. 60(b) states:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

M.R.Civ.P. 60(b).

[¶ 3] The father candidly acknowledged in his motion that it was brought pursuant to the catchall provision in subsection (6) of M.R.Civ.P. 60(b) because the newly discovered evidence upon which the motion was based was discovered after the one year deadline for subsection (2). As we have suggested on other occasions, the first three subsections of M.R.Civ.P. 60(b) are mutually exclusive from the last. *See Sargent v. Sargent*, 1997 ME 38, ¶ 12, 691 A.2d 184, 188 (" 'Relief from judgment may be granted under subsection 3 for fraud, misrepresentation, or misconduct of the adverse party, and under subsection 6 for any *other* reason justifying relief from the operation of the judgment.' " (emphasis added) (quoting *Merrill v. Merrill*, 449 A.2d 1120, 1125 (Me.1982))).[1]

[¶ 4] Because the father's motion was based solely on newly discovered evidence and was untimely pursuant to subsection (2), it presented no cognizable claim for relief pursuant to subsection (6). Even though the court denied the motion for reasons other than those set forth in this opinion, it committed no reversible error.

The entry is:

Judgment affirmed.

---

1. The first three subsections of Fed.R.Civ.P. 60(b), which is substantially similar to M.R.Civ.P. 60(b), have been interpreted to be mutually exclusive from the last. *See Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir.1998) (" 'Inherent in the structure of Rule 60(b) is the principle that the first three clauses and the catchall clause are mutually exclusive.' " (citation omitted)); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir.1993).