MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:    2015 ME 59
Docket:      Lin-14-375
Argued:      April 10, 2015
Decided:     May 12, 2015

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

TOWN OF WISCASSET

v.

MASON STATION, LLC

SAUFLEY, C.J.

[¶1]  Mason Station, LLC, appeals from a judgment of the Superior Court (Lincoln County, *Billings, J.*) denying its motions to set aside a default and for relief from a default judgment entered on the Town of Wiscasset's complaint for $846,263.67 in unpaid real and personal property taxes.  Mason Station argues that the court abused its discretion in denying Mason Station's motions because the Town had already obtained, by automatic foreclosure of tax liens, record title to Mason Station property worth more than the taxes owed.  *See* 36 M.R.S. § 943 (2014).  We affirm the judgment.

## I.  BACKGROUND

[¶2]  Mason Station, LLC, owned multiple properties in the Town of Wiscasset.  It failed to pay assessed property taxes on those properties, and the Town imposed tax liens and filed tax lien certificates in the Lincoln County

Registry of Deeds, creating tax lien mortgages on the properties.  *See* 36 M.R.S. §§ 942, 943 (2014).  In December 2012, the Town filed a complaint against Mason Station for taxes owed on those properties and on certain personal property.  The summons and complaint were served on Mason Station on December 11, 2012.  Mason Station failed to file an answer within twenty days as required by M.R. Civ. P. 12(a).  The Town requested the entry of a default and default judgment on January 23, 2013, and submitted a supporting affidavit.  *See* M.R. Civ. P. 55(a), (b).  Two days later, the clerk entered a default and default judgment in the amount of $846,263.67.  Mason Station did not appeal from the judgment.  A writ of execution was requested in February 2013 and issued on March 10, 2013.

[¶3]  A year and four months later, on July 10, 2014, Mason Station moved to set aside the default and for relief from the default judgment.  *See* M.R. Civ. P. 55(c), 60(b).  In support of Mason Station's claim that it had a meritorious defense, *see Richter v. Ercolini*, 2010 ME 38, ¶ 15, 994 A.2d 404, it offered evidence that by January 18, 2013—several days before the entry of the default judgment in favor of the Town—the Town had obtained ownership of the properties for which taxes were owed through automatic foreclosure.  In opposition, the Town argued, among other contentions, that Mason Station had failed to demonstrate any reason for its delay in responding to the complaint and had not established that the foreclosed properties had a value in excess of the

unpaid taxes. In reply, Mason Station proffered evidence that the properties at issue had an assessed value in excess of the total amount owed on the judgment.[1]

[¶4] The court denied the motions to set aside the default and for relief from the default judgment. Mason Station appealed.

## II. DISCUSSION

[¶5] Mason Station argues that the court should have set aside the default and granted it relief from the resulting default judgment because the Town has already obtained sufficient value to satisfy the tax debts by foreclosing on tax liens and taking title to real property with a value greater than the $846,263.67 default judgment.

[¶6] "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." M.R. Civ. P. 55(c). We review a denial of a Rule 55(c) or 60(b) motion for an abuse of discretion. *See Richter*, 2010 ME 38, ¶ 15, 994 A.2d 404; *Ezell v. Lawless*, 2008 ME 139, ¶ 19, 955 A.2d 202.

A.    Motion to Set Aside Default

[¶7] "A movant must show good cause for setting aside an entry of default pursuant to M.R. Civ. P. 55(c)." *Richter*, 2010 ME 38, ¶ 15, 994 A.2d 404. "Good

---

[1] The fair market value of the properties has not been established, and there is a suggestion in the record that environmental contamination on the properties or neighboring properties may have reduced their value.

4

cause requires a good excuse for untimeliness and a meritorious defense." *Id.* (quotation marks omitted). "We grant considerable deference to a trial court's determination of whether a party had a good excuse for his or her untimely filing." *Id.*

[¶8] Whether or not Mason Station had a meritorious defense, Mason Station has offered no excuse—much less a "good excuse"—for failing to file a timely answer to the Town's complaint. *Id.* Because a good excuse is required to establish good cause to set aside a default pursuant to M.R. Civ. P. 55(c), we affirm the court's denial of Mason Station's motion to set aside the default.

B.      Motion for Relief From Judgment

[¶9] A party seeking relief from a judgment pursuant to Rule 60(b) has the burden of convincing the court that the judgment should be set aside. *Beck v. Beck*, 1999 ME 110, ¶ 6, 733 A.2d 981. Rule 60(b) provides, "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment" if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." M.R. Civ. P. 60(b)(5).

[¶10] "Rule 60(b) presupposes that a party has performed [its] duty to take legal steps to protect [its] own interests in the original litigation." *Cote Corp. v.*

5

*Kelley Earthworks, Inc.*, 2014 ME 93, ¶ 15, 97 A.3d 127 (alterations in original) (quotation marks omitted). A court may hold a litigant accountable for the consequences of failing to take the required legal steps. *See id.* The failure to bring a timely appeal from an adverse judgment does not justify Rule 60(b) relief. *Ezell*, 2008 ME 139, ¶ 29, 955 A.2d 202. "Rule 60(b) is not intended as an alternative method of appeal." *KeyBank Nat'l Ass'n v. Sargent*, 2000 ME 153, ¶ 15, 758 A.2d 528 (quotation marks omitted). If the motion court "has correctly understood the facts and the law relevant to its analysis, we will defer to its ability to give weight to the appropriate factors under the law, and will find an abuse of discretion only where the court made a serious mistake in weighing those factors." *Tarbuck v. Jaeckel*, 2000 ME 105, ¶ 13, 752 A.2d 176 (quotation marks omitted).

[¶11] Mason Station failed to respond to the Town's complaint as required by the Rules of Civil Procedure. *See* M.R. Civ. P. 12(a), (b) (requiring that a responsive pleading that includes any defenses to a claim be filed within twenty days after service of the summons and complaint). It thereby admitted the allegations of the complaint and waived any affirmative defenses. *See* M.R. Civ. P. 8(c), (d). It offered no excuse for failing to answer in a reasonable time or at all, and it did not move for relief from the default judgment until nearly eighteen months after the judgment was entered and sixteen months after the writ of execution was issued. In these circumstances, the court did not abuse its discretion

in declining to grant Mason Station relief from the default judgment pursuant to Rule 60(b). *See Cote Corp.*, 2014 ME 93, ¶ 15, 97 A.3d 127.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Brian D. Willing, Esq., and Reade E. Wilson, Esq., Drummond Woodsum & MacMahon, Portland, for appellant Mason Station, LLC

Bryan Dench, Esq., and Benjamin J. Smith, Esq., Skelton, Taintor & Abbott, Auburn, for appellee Town of Wiscasset

**At oral argument:**

Brian D. Willing, Esq., for appellant Mason Station, LLC

Benjamin J. Smith, Esq., for appellee Town of Wiscasset