STATE OF MAINE RECEIVED & FILED   SUPERIOR COURT
ANDROSCOGGIN, SS.                         CIVIL ACTION
                          JUN 1 6 2016    DOCKET NO. AUBSC-CV-15-186

                          ANDROSCOGGIN
BAMBI ZAYAC,              SUPERIOR COURT
                                         )
        Plaintiff,                       )
                                         )
                                         )
    v.                                   )   ORDER ON DEFENDANT'S MOTION
                                         )   TO SET ASIDE ENTRY OF DEFAULT
                                         )
REGIS CORPORATION, d/b/a                 )
REGIS SALON,                             )
                                         )
        Defendant.                       )

Presently before the court is Defendant Regis Corporation's motion to set aside

an entry of default. Based on the following, Defendant's motion is denied.

## I.   BACKGROUND

The complaint alleges that Defendant Regis Corporation is a Minnesota

Corporation that operates a hair salon in the Auburn Mall in Auburn, Maine. (Compl.

¶¶ 2-3.) Plaintiff Bambi Zayac alleges that on or about December 27, 2013, she was

injured while at Defendant's salon in Auburn. (*Id.* ¶¶ 4, 6.) Plaintiff alleges that

Defendant negligently failed to maintain its salon in safe condition because its salon

chairs have a footrest that catches on the pant legs of people getting up from the chair.

(*Id.* ¶ 5.)

Defendant was served with Plaintiff's complaint November 12, 2015. Plaintiff

subsequently filed its complaint with the court on November 23, 2015. Defendant failed

to timely answer the complaint. Plaintiff filed a request for an entry of default on

December 24, 2015, which the clerk entered on December 31, 2015. An amended

request for entry of default was filed on January 6, 2016, which the clerk entered on

January 8, 2016. Defendant filed its answer on January 14, 2016.

Defendant filed this motion to set aside the entry of default on January 19, 2016. Defendant's motion was supported by an affidavit of Jennifer M. Grant, the Manager of the Liability Program – Insurance & Risk Management for Defendant. (Grant Aff. ¶ 1.) Plaintiff filed its objection to the motion on February 4, 2016. Plaintiff's objection was supported by an affidavit from her counsel and other supporting documents. (Ferguson Aff. ¶ 1.) Defendant filed a reply on February 12, 2016.

## II. STANDARD OF REVIEW

Pursuant to Maine Rule of Civil Procedure 55, the court may set aside an entry of default for "good cause shown." M.R. Civ. P. 55(c). The "good cause" standard is less stringent than the "excusable neglect" standard required to set aside a default judgment pursuant to Maine Rule of Civil Procedure 60(b). *Thomas v. Thompson*, 653 A.2d 417, 420 n.2 (Me. 1995). To show "good cause," the plaintiff must set forth both a good excuse for failing to timely answer the complaint and a meritorious defense. *Town of Wiscasset v. Mason Station, LLC*, 2015 ME 59, ¶ 7, 116 A.3d 458. To establish a meritorious defense, the defendant need not prove their defense at this stage. *Hart v. Terry L. Hopkins, Inc.*, 588 A.2d 1187, 1190 (Me. 1991). The defendant's version of the facts is deemed to be true, and the court examines the allegations to determine whether the defendant's version of the facts constitutes a cognizable defense to the complaint. *Id.*

## III. ANALYSIS

For the purposes of this motion, Plaintiff concedes the Defendant has sufficiently alleged the existence of a meritorious defense. (Pl. Opp'n to Def. Mot. Set Aside Default 7.) Thus, the only dispute is whether Defendant has established a "good excuse" for failing to timely respond to the complaint. Defendant has failed to do so.

Defendant has failed to offer any excuse for why it failed to file an answer before December 2, 2015. In his affidavit, Plaintiff's counsel avers that he sent Defendant a

notice of claim on January 22, 2014. (Ferguson Aff. ¶ 2, Ex. A.) Plaintiff's counsel asserts that he received a letter from Defendant acknowledging receipt of the notice of claim. (*Id.* ¶ 3.) Plaintiff's counsel sent additional letters to Defendant regarding Plaintiff's injuries, medical records, and medical bills. (*Id.* ¶ 4.) Plaintiff's counsel sent Defendant a demand letter on May 19, 2015. (*Id.* ¶ 5.) Plaintiff's counsel avers that he did not receive a response from Defendant, the demand letter was not returned by the post office, and his attempts to follow-up with Defendant's agent were unsuccessful. (*Id.* ¶¶ 5-6.) Defendant does not dispute these assertions.

Defendant was served with a two-page complaint containing only seven allegations on November 12, 2015. Defendant's responsive pleading was due on December 2, 2015. *See* M.R. Civ. P. 12(a). Defendant did not file an answer.

Instead, Defendant has sought to demonstrate a good excuse for its failure to respond to the complaint before the entry of default. In her affidavit, Ms. Grant avers that she reviewed the complaint and telephoned Plaintiff's counsel on December 3, 2015. (Grant Aff. ¶ 2.) Ms. Grant avers that Plaintiff's counsel informed her that he had sent a demand package to Defendant but that the demand package had been returned, and therefore, never received by Defendant. (*Id.*) However, in his affidavit, Plaintiff's counsel asserts that the demand package and supporting documents were never returned to counsel. (Ferguson Aff. ¶ 5.)

Ms. Grant further avers that, during the December 3, 2015 phone conversation, Plaintiff's counsel "agreed to grant a two-week extension of time to respond to the Complaint and specifically stated that he would not seek default. He further stated that he would grant further extensions if settlement discussions were warranted." (Grant Aff. ¶ 2.) Plaintiff's counsel sent Ms. Grant an email on December 3, 2015, stating:

> This email will confirm that although the answer was due yesterday, I have agreed not to seek default. I am agreeable to a 2 week extension of time to file an answer. We can agree to a further extension if further settlement discussions are warranted.

(Ferguson Aff. ¶ 10, Ex. D.)

Ms. Grant emailed Plaintiff's counsel the next day, December 4, 2015, to obtain Plaintiff's medical records and medical bills and to inform Plaintiff's counsel that the case was being transferred to a third-party administrator. (Grant Aff. ¶¶ 5-6.) Ms. Grant's email stated:

> Given the injury in this case, which I assume is documented by extensive medical records, I have elected to transfer to our [third-party administrator], Sedgwick. I believe this will lead to a quicker review of the entire file and hopefully a prompter resolution.

(Ferguson Aff. ¶ 11, Ex. E.) Plaintiff's counsel received an email from the third-party administrator on December 8, 2015. (*Id.* ¶ 13, Ex. F.) The email stated:

> This is to confirm that the subject matter was reported to Sedgwick as claims administrator for the Regis Corporation account. The case was assigned to me a handling adjuster. I will review your demand package and respond as promptly as possible.

(*Id.*)

Ms. Grant avers that she "was of the understanding" that Plaintiff's counsel understood it would take "some time" for her or the third-party administrator to review the more than 200 pages of medical records and bills and that Plaintiff's counsel would not seek default while the documents were under review. (Grant Aff. ¶ 7.)

Neither Ms. Grant, the third-party administrator, nor any other agent for Defendant ever contacted Plaintiff's counsel to request a further extension of time to engage in settlement negotiations or to file an answer. (Ferguson Aff. ¶ 14.) Plaintiff's counsel filed a request for an entry of default with the court on December 24, 2015.

Plaintiff's counsel did not contact Ms. Grant or the third-party administrator before seeking an entry of default. (Grant Aff. ¶ 7.)

Defendant's excuse is essentially that Ms. Grant "was of the understanding" that Plaintiff's counsel would not seek an entry of default and would permit Defendant an indefinite amount of time to review the demand package, the medical records, and the medical bills before answering the complaint. However, neither Ms. Grant nor the third-party administrator ever communicated to Plaintiff's counsel that they would need additional time to review the demand package and the records. Neither Ms. Grant nor the third-party administrator ever explicitly requested a further extension of time from Plaintiff's counsel. Rather, both Ms. Grant and the third-party administrator assured Plaintiff's counsel that the third-party administrator would review the records and respond promptly.

The affidavits submitted by Ms. Grant and Plaintiff's counsel make it clear that counsel's agreement to not seek entry of default was not indefinite. Plaintiff's counsel agreed to only a two-week extension of time, until December 17, 2015, for Defendant to file an answer. Plaintiff's counsel was open to further extensions of time only "if further settlement discussions are warranted." (Grant Aff. ¶ 2; Ferguson Aff. ¶ 10, Ex. D.) Neither Ms. Grant, the third-party administrator, nor any other agent for Defendant requested a further extension of time. Therefore, Ms. Grant's "understanding" that Plaintiff's counsel would permit Defendant an indefinite amount of time to answer the complaint was incorrect and does not constitute a good excuse.

Additionally, because Plaintiff's counsel did not file a request for an entry of default until December 24, 2015, Defendant actually had an additional week to file an answer. Defendant did not file an answer until January 14, 2016, six days after the amended entry of default.

Based on the foregoing, Defendant has not offered a good excuse for why it failed to file an answer to Plaintiff's two-page complaint prior to December 2, 2015, or during the additional three weeks permitted by the Plaintiff. Therefore, Defendant has not established "good cause" in order to set aside the entry of default.

## IV. CONCLUSION

Defendant's motion to set aside the entry of default is denied.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: June 15, 2016

Mary Gay Kennedy
Justice, Superior Court