STATE OF MAINE                                    SUPERIOR COURT
ANDROSCOGGIN, ss                                  CIVIL ACTION
                                                  DOCKET NO. CV-19-173

RECEIVED & FILED

JUN 0 9 2020

ANDROSCOGGIN
SUPERIOR COURT

Susan Cole,                            )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        **Order Denying Motion to**
                                       )        **Set Aside Default**
Nicholas St. Clair,                    )
                                       )
            Defendant.                 )

This matter comes before the court on Defendant's motion to set aside the default entered against him. Defendant was served with the complaint and summons on January 3, 2020. He did not file a timely answer, and on Plaintiff's request the clerk entered a default against him on February 12, 2020. Defendant filed an answer through counsel on March 9, 2020, and then on April 2, 2020 moved to set aside the default that had been entered. For the reasons stated below, the motion is denied.

Pursuant to M.R. Civ. P. 55(c), "[f]or good cause shown the court may set aside an entry of default." In his motion, Defendant acknowledges that the "good cause" required by Rule 55(c) has two components: a good excuse for the untimeliness and a meritorious defense. *E.g., Town of Wiscasset v. Mason Station, LLC*, 2015 ME 59 ¶ 7. *See also Thomas v. Thompson*, 653 A.2d 417, 419-20 (Me. 1995). Here, Defendant has failed to show any good cause.

Defendant offers no excuse or explanation as to why *he* –Mr. St. Clair – failed to answer the complaint. The only information comes from Defendant's insurer, who asserts it checked to see if a complaint had been filed. There is no information as to why Defendant himself did not respond to the complaint in any fashion. The reasonableness of the insurer's action does not

1

excuse or explain Mr. LeClair's failure to act. No good excuse for the untimeliness has been shown.

Even if the court accepted that Mr. LeClair's insurer had a good excuse for failing to file a timely answer, there is no showing of a meritorious defense. Arguing that the "mere happening of an accident is insufficient to establish liability on the part of a defendant" does not establish a meritorious defense. Rather,

> The court examines the allegations of factual circumstances surrounding the dispute submitted by the moving party and determines whether the moving party's version of the facts and circumstances constitutes a defense to the opposing party's cause of action. . . .The allegations may be presented by a number of methods including the motion to set aside the default, or the proposed answer appended to that motion, or by affidavits or memoranda. They must, however, be presented in a sufficiently timely fashion to allow the opposing party an opportunity to question the legal sufficiency of the defense and *with enough elaboration of facts to permit the court to determine whether, if the moving party's version were believed by the trier of fact, the defense would be meritorious.*

*Hart v. Terry L. Hopkins, Inc.,* 588 A.2d 1187, 1190 (Me. 1991) (emphasis added and citation omitted). Here, Defendant has proffered no facts at all in defense of the action, and has not shown any meritorious defense.

For these reasons, the motion to set aside the default is denied, and the matter shall be set for hearing on damages. This order may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated:_____4/9/2020_____

_____
Valerie Stanfill
Justice, Maine Superior Court

2