STATE OF MAINE
CUMBERLAND, ss:

DISTRICT COURT
Location: Portland
Docket No. CV-18-0368

PATRIOT INSURANCE,            )
                              )
            PLAINTIFF         )
      vs.                     )            DECISION and ORDER on
                              )            DEFENDANT'S MOTION FOR
MARK GIROUX,                  )            RELIEF FROM JUDGMENT
                              )            PURSUANT TO M.R. CIV. P 60(b)
            DEFENDANT         )

This auto insurance recovery matter came before the court for hearing on a Motion for Relief from Judgment pursuant to M. R. Civ. P. 60(b) on May 19, 2022. Plaintiff appeared, represented by its attorney, Kate Conley, Esq. Defendant appeared *pro se*. At hearing, the court heard testimony from Defendant, Mr. Giroux.

This matter was initiated with Plaintiff's service of a summons and complaint on Defendant on June 15, 2018. Defendant did not respond. Default was entered against Defendant on August 30, 2018. A hearing for damages was held on July 23, 2019, and Defendant failed to appear. Default Judgment was entered against Defendant on August 1, 2019.

Pursuant to 29 M.R.S. § 1603, Plaintiff filed a request with the Bureau of Motor Vehicles to suspend Defendant's driving privileges. Defendant's license to drive was in fact suspended on January 5, 2020.

Upon the suspension of his driver's license, Defendant communicated to Plaintiff and, shortly thereafter, Plaintiff served a Disclosure Subpoena on Defendant in hand. A disclosure hearing was held February 20, 2020, and again, Defendant failed to appear.

On or about October 21, 2021, Defendant sent a handwritten communication to the court, which the court treats as a Motion for Relief from Judgment pursuant to M.R. Civ. P. 60(b). In that communication, and at the May 19, 2022, hearing, Defendant argued that new evidence

1

suggests another person was responsible for the damage previously found, by default, to have been attributed to Defendant.[1]

Defendant testified that he was not driving the car at issue at the time of this accident on January 6, 2016. He maintains that the car was stolen by an acquaintance while he was asleep. Defendant provided a Portland Police Department police report dated as last modified on December 12, 2017, which states the driver was likely not Defendant, but was this third-party.[2] Defendant's Exhibit 1. Defendant also provided a handwritten letter from the third-party purporting to take responsibility for the 2016 accident, which was notarized and filed with the court on April 12, 2022.[3] Defendant's Exhibit 2.

"A party seeking relief from a judgment pursuant to Rule 60(b) has the burden of convincing the court that the judgment should be set aside." *Town of Wiscasset v. Mason Station, LLC* 2015 ME 59, ¶ 9, 116 A.3d 458. "[R]ule 60(b) presupposes that a party has performed [its] duty to take legal steps to protect [its] own interests in the original litigation." *Id. ¶ 10.*

To prevail on a request for relief from judgment under M.R. Civ. P. 60(b)(2), the movant must establish five elements:

> (a) that the new evidence is such that it will probably change the result upon a new trial,
> (b) that is has been discovered since the trial,
> (c) that it could not have been discovered before the trial by the exercise of due diligence,
> (d) that it is material to the issue, and
> (e) that it is not merely cumulative or impeaching.

*In re Estate of Fournier*, 2009 ME 17, ¶ 12, 966 A.2d 885. Further, Rule 60(b) requires that any claim for relief from judgment based on newly discovered evidence be filed not later than one year from the date the judgment was entered. M.R. Civ. P. 60(b).

Defendant has failed to meet at least two of the five required elements laid out by *Fournier*: that the evidence has been discovered since the trial, and that the evidence could not have been discovered before the trial by the exercise of due diligence. *In re Estate of Fournier*, 2009 ME 17,

---

[1] The court notes that Defendant, appearing *pro se*, did not claim his argument to fall under a specific subsection of M.R. Civ. P. 60(b). Based on the facts presented, the court considers the motion under Rule 60(b)(2), newly discovered evidence, and, in the alternative, Rule 60(b)(6). *See In re Nathan C.*, 1998 ME 242, 719 A.2d 539.

[2] Note that Defendant's Exhibit 1, a police report, is admitted by the court not for the truth of its contents but for the date it was modified.

[3] The letter is admitted by the court not for its truth, but for the date it was signed and filed.

¶ 12. Indeed, the evidence has been within the defendant's knowledge since the very day of the accident in question, and the police report in question has been discoverable at least since it was last amended in December of 2017. Filed more than two years after final judgment, Defendant's motion is also untimely. M.R. Civ. P. 60(b).

Defendant's claim for relief under M.R. Civ. P. 60(b)(6), the catch all claim, also fails. Rule 60(b)(6) is only appropriate when the movant has diligently pursued his rights, which here, Defendant has not. *Ezell v. Lawless*, 2008 ME 139, ¶ 28, 955 A.2d 202.

Based on the forgoing, Defendant's Motion for Relief from Judgment provides no cognizable claim for relief.

Accordingly, it is hereby ORDERED that Defendant's Motion for Relief from Judgment is DENIED.

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Order on Defendant's Motion for Relief from Judgment on the civil docket by a notation incorporating it by reference.

Date: _10 June 2022_

_____
Jed J. French
Judge, Maine District Court

Entered on the Docket: 06/10/22

Plaintiff-Kate Conley, Esq.
Defendant-Mark Giroux Pro Se

3