STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2023-027

)
CORY PEASLEE and CHELSIE )
PEASLEE, )
                      )
       Plaintiffs, )
                      )
v. )
                      )
ANTHONY PIERSON, )
                      )
       Defendant. )

**ORDER ON DEFENDANT'S
MOTION TO SET ASIDE ENTRY
OF DEFAULT**

REC'D CUMB CLERKS OFC
MAY 18 '23 PM 1:59

Before the Court is Defendant Anthony Pierson's Motion to Set Aside Entry of Default. Plaintiffs Cory Peaslee and Chelsie Peaslee ("the Peaslees") request that the Court deny the motion, or, in the alternative, order limited discovery on the sufficiency of service. For the following reasons, the Court grants Mr. Pierson's motion and denies the Peaslees' motion.

I.    **Background**

The Peaslees filed this action on January 24, 2023. On February 10, 2023, the Cumberland County Sheriff's Office served Carrie Pierson at an address in Steep Falls, Maine. Carrie Pierson is Mr. Pierson's stepmother. (Pierson Aff. ¶ 7.) Mr. Pierson attests that he has resided in Auburn, Maine, since September 2021. (Pierson Aff. ¶ 3.) Mr. Pierson's father, of the same name, resides at the Steep Falls address at which service was attempted. (Pierson Aff. ¶ 7.) Mr. Pierson avers that he first learned of the suit on February 26, 2023. (Pierson Suppl. Aff. ¶ 6.)

The Clerk entered the default against Mr. Pierson on March 16, 2023, for failure to plead. On March 28, 2023, Mr. Pierson filed the pending motion.

II.    **Discussion**

Maine Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for "good cause shown." "Good cause requires a good excuse for untimeliness and a meritorious defense." *Town of Wiscasset v. Mason Station, LLC*, 2015 ME 59, ¶ 6, 116 A.3d 458 (quoting *Richter v. Ercolini*, 2010 ME 38, ¶ 15, 994 A.2d 404). Because the law does not favor defaults, any doubt should be resolved in favor of proceeding to a trial on the merits. *Michaud v. Mut. Fire, Marine & Inland Ins. Co.*, 505 A.2d 786, 791 (Me. 1986).

## A. Excuse

Mr. Pierson argues that the default should be set aside because the Peaslees failed to properly serve Mr. Pierson. Service of process is necessary for a court to gain personal jurisdiction over a defendant. *Brown v. Thaler*, 2005 ME 75, ¶ 10, 880 A.2d 1113. Therefore, a defendant's duty to plead does not arise until that defendant is served. *See* M.R. Civ. P. 12(a) ("A defendant shall serve that defendant's answer within 20 days after the service of the summons and complaint upon that defendant . . . .").

The Peaslees argue that Mr. Pierson's insurer, Liberty Mutual Insurance Company, had actual notice of the pending action and that the Steep Falls address was "reasonably believed to be Anthony Pierson's usual residence."[1] Maine Rule of Civil Procedure 4, however, does not permit service upon a person at an address "reasonably believed" to be the defendant's residence if it is not, in fact, the defendant's usual residence. Nor does it provide that notice to a defendant's insurer is effective service on the defendant.

If Mr. Pierson's version of the facts is accepted as true, this is not a case in which there was a mere "technical noncompliance" with Rule 4. *See Peoples Heritage Sav. Bank v. Pease*, 2002 ME 82, ¶ 14, 797 A.2d 1270 (holding that entry of default judgment was proper despite technical defect in service when service was made in hand to defendant's spouse

---

[1] The Peaslees have not submitted affidavits to counter Mr. Pierson's affidavits.

at a secondary residence and defendant had actual notice of action). Mr. Pierson was not served and did not even have actual notice within twenty days of the entry of default.

## B. Meritorious Defense

The Peaslees argue that Mr. Pierson has failed to demonstrate a meritorious defense because he "simply recites the elements of a negligence action." Mr. Pierson also, however, raises lack of personal jurisdiction. As discussed above, if Mr. Pierson's version of the facts is accepted as true, the Court may lack personal jurisdiction over Mr. Pierson. Mr. Pierson has presented evidence of a meritorious defense and good excuse.

## C. Motion for Limited Discovery

Because doubts on a motion to set aside default should be resolved in favor of lifting a default, it is unnecessary to allow the parties to conduct discovery on the sufficiency of service before setting aside the default. The Peaslees' motion will be denied.

## III. Conclusion

For the foregoing reasons, Mr. Pierson has demonstrated good cause to set aside the default entered against him.

The entry is:

1. Defendant's Motion to Set Aside Entry of Default is GRANTED. The default entered by the Clerk on March 16, 2023 is set aside; and

2. Plaintiffs' Motion for Limited Discovery is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: __5/18/23__

_____
MaryGay Kennedy, Justice
Maine Superior Court